**EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,
Plaintiff-Appellant,**

v.

**The TIMES–PICAYUNE PUBLISHING
CORPORATION, Defendant-
Appellee.**

**No. 73–3995.**

United States Court of Appeals,
Fifth Circuit.

Sept. 9, 1974.

Rehearing Denied Oct. 7, 1974.

Wm. A. Carey, Gen. Counsel, E. E. O. C., Isabelle R. Cappello, Acting Asso-ciate Gen. Counsel, Margaret C. Poles, Atty., Washington, D. C., Peter San-chez-Navarro, Jr., Acting Reg. Atty., E. E. O. C., Mary J. Mullarkey, Asst. Reg. Atty., Walter W. Garnsey, Jr., Trial Atty., Denver, Colo., Charles White, Dist. Counsel, E. E. O. C., New Orleans, La., Beatrice Rosenberg, E. E. O. C., Washington, D. C., for plaintiff-appel-lant.

Samuel Lang, New Orleans, La., for defendant-appellee.

Before MOORE*, AINSWORTH and RONEY, Circuit Judges.

PER CURIAM:

Although we have been asked to render considerable advice as to what the EEOC must have done before it can prevail in this lawsuit, we regard this as a pleading case only, controlled by this Court's recent decision in *EEOC v. Standard Forge & Axle Co.*, 496 F.2d 1392 (5th Cir. 1974).

By following *Standard Forge*, we think the original complaint filed in this case by the EEOC, generally alleging that "all conditions precedent to the institution of the lawsuit have been fulfilled," was sufficient to withstand a motion to dismiss for lack of jurisdiction of the subject matter under Federal Rule of Civil Procedure 12(b)(1), and sufficiently complied with Rules 8(a)(1) and 9(c).

We need not concern ourselves whether the more limited allegations in the second complaint omit some condition precedent that may ultimately control the outcome of the case, inasmuch as this amended complaint was filed in an effort to meet the District Court's erroneous view of the law.

We therefore vacate the orders and judgment of the District Court granting defendant's motions to dismiss pursuant

---

* Hon. Leonard P. Moore, Senior Circuit Judge of the Second Circuit, sitting by designation.

to Rule 12(b)(1), with directions to permit plaintiff to file a complaint alleging generally that all conditions precedent have been performed or have occurred, so that the litigation may proceed from that point, in accordance with our decision in *Standard Forge*.

The appellee shall bear the cost of this appeal.

Vacated and remanded with directions.