**Marcia E. STEARNS,
Plaintiff-Appellant,**

v.

**CONSOLIDATED MANAGEMENT,
INC., Defendant-Appellee.**

**No. 83–1989.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 9, 1984.

Decided Aug. 8, 1984.

Rehearing and Rehearing En Banc
Denied Sept. 28, 1984.

---

Coffey, Circuit Judge, filed an opinion concurring in part and dissenting in part.

Jeff Scott Olson, Julian & Olson, Madison, Wis., for plaintiff-appellant.

Lawrence E. Bechler, Jenswold, Studt, Hanson, Clark & Kaufmann, Madison, Wis., for defendant-appellee.

Before PELL and COFFEY, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

PELL, Circuit Judge.

Plaintiff filed suit charging defendant with violations of both the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17. The district court dismissed plaintiff's ADEA claim for lack of subject matter jurisdiction and entered final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure on that claim. Plaintiff challenges the dismissal of her ADEA claim, while defendant challenges entry of final judgment.

*I Facts*

Plaintiff began working as a cook at Beloit College at the age of twenty-five. She was thirty-nine when she was promoted to assistant manager in 1974, and forty-four when Consolidated Management began to manage the food operations. Less than a year later Rick Levi, a supervisor for Consolidated, terminated plaintiff and replaced her with a twenty-three year old male with little previous job experience.

Plaintiff believed that she was terminated because of her age and sex and filed a complaint with the Wisconsin Equal Rights Division. The complaint form contained a box with a question that read: "If any other governmental agency has jurisdiction over this charge, may we refer it to them?" Plaintiff replied by checking "yes." The Equal Rights Division sent copies of the charge to the Milwaukee District Office of the Equal Employment Opportunity Com-

mission (EEOC) and to Consolidated. The copy sent to Consolidated indicated that the complaint was being referred to the EEOC.

The EEOC wrote to plaintiff to acknowledge receipt of her charge, but did nothing pending the outcome of the investigation by the Equal Rights Division. The Division issued an initial determination that Consolidated had discriminated against plaintiff on the basis of age and sex. The Division unsuccessfully attempted to conciliate the case and then certified it to a public hearing. Plaintiff, however, requested leave to withdraw her charge from the Division in order to seek federal remedies. The Division dismissed plaintiff's complaint, and the EEOC then issued a "Notice of Right to Sue" to plaintiff. Plaintiff then filed her ADEA and Title VII claims in federal court.

After several rounds of pretrial motions defendant moved to dismiss for failure to allege exhaustion of federal administrative remedies, but only with respect to the ADEA claim. Plaintiff moved for leave to file a second amended complaint, which was granted. The court, however, dismissed plaintiff's ADEA claim because that charge had been sent to the EEOC by the Equal Rights Division rather than by plaintiff. The court held that this procedure did not constitute "filing" with the EEOC as required by the ADEA and concluded that subject matter jurisdiction was lacking. Plaintiff moved for reconsideration of the dismissal, apprising the court for the first time that the EEOC and the Division had entered into a work-sharing agreement designating the division as the EEOC's agent for the purpose of receiving charges. The court declined to consider the agreement as plaintiff advanced no reason for not presenting it in a timely manner. The court found no just reason for delay and entered final judgment on the ADEA claim.

*II. Appellate Jurisdiction*

As an initial matter we must consider defendant's claim that we lack jurisdiction to hear this appeal. Under 28 U.S.C. § 1291 the courts of appeals "shall have jurisdiction of appeals from all final deci-

sions of the district courts of the United States." Rule 54(b) of the Federal Rules of Civil Procedure allows the district court to enter final judgment in a multiclaim case "as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Defendant argues that the district court improperly entered judgment pursuant to Rule 54(b) on plaintiff's ADEA claim and that we do not have before us a final decision under Section 1291.

 There are three prerequisites to a Rule 54(b) certification. First, the action must involve separate claims. *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). Second, there must be a final decision as to at least one of these claims. Third, the district court must expressly determine that there is "no just reason for delay." The existence of the first two criteria is open to our de novo review, but the determination of "just reason for delay" is addressed to the sound discretion of the district court. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7–8, 100 S.Ct. 1460, 1464–1465, 64 L.Ed.2d 1 (1980); *Sears Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); *Local P–171, Amalgamated Meat Cutters and Butcher Workmen of North America v. Thompson Farms Co.*, 642 F.2d 1065, 1069 (7th Cir. 1981).

 Defendant's principal contention is that plaintiff's ADEA claim is not separate from her Title VII claim. If this is the case, then the district court was not empowered to certify the ADEA claim under Rule 54(b). Unfortunately, there is no clear test to determine when claims are separate for purposes of the rule. *Local P–171*, 642 F.2d at 1070. Nonetheless, we have recognized certain rules of thumb to identify those types of claims that can never be considered separate, and have examined the remainder on a case-by-case basis. The first rule is that "claims cannot be separate unless separate recovery is possi-

ble on each.... Hence, mere variations of legal theory do not constitute separate claims." 642 F.2d at 1071. The second is that "claims so closely related that they would fall afoul of the rule against splitting claims if brought separately" may not be considered as separate. *Id.*

Contrary to defendant's claim, plaintiff's claims are not merely different legal theories as to why her termination was illegal, nor would separate recovery for the ADEA claim be precluded by a determination of her Title VII claim. Plaintiff's claims rest on separate legal rights and on separate operative facts. Plaintiff is entitled to be free from discrimination on account of sex and on account of age. To prove violation of Title VII plaintiff must prove that her sex was a motivating factor in Rick Levi's actions, her age is irrelevant, while the reverse is true of her ADEA claim. Furthermore, recovery under Title VII will not prevent plaintiff from seeking additional "liquidated" damages under the ADEA if she can prove that the violation was willful. 29 U.S.C. § 626(b); *Pfeiffer v. Essex Wire Corp.*, 682 F.2d 684, 686 (7th Cir.1982), *cert. denied*, 459 U.S. 1039, 103 S.Ct. 453, 74 L.Ed.2d 606 (in the case of a willful violation of the ADEA an additional amount equal to actual damages is paid as liquidated damages).

As defendant raises no objection to the finality of the dismissal of the ADEA claim, we turn now to review the court's determination that there is "no just cause for delay" in the entry of judgment. Although the court did not elaborate upon the reason it found no just cause for delay, we find no abuse of discretion in certifying the dismissal under Rule 54(b). In *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944 (7th Cir.1980), we noted several factors a district court should consider in determining whether there is just cause for delay in entering judgment. In this case the relevant factors are: (1) the possibility that the need for review might be mooted by future developments in the district court; (2) the possibility that we may be obliged to consider the same issue a second

time; and (3) miscellaneous factors such as delay and shortening the trial.

All of these factors militate in favor of certification in this case. As we have already noted, resolution of plaintiff's Title VII claim will not moot her ADEA claim. If we decline to consider plaintiff's claim now, when it has been briefed and argued, we will only be postponing our work. Furthermore, counsel have informed us that the district court has stayed trial of the Title VII claim pending resolution of this appeal and has allowed discovery to proceed on the ADEA claim, so plaintiff's ADEA claim can be presented along with her Title VII claim should we reverse the district court. Deciding plaintiff's claim now will best serve the efficient administration of justice. It is clear, then, that the district court did not abuse its discretion in certifying plaintiff's claim under Rule 54(b). We turn now to the merits of plaintiff's appeal.

*III Subject Matter Jurisdiction*

The district court found that plaintiff had not adequately pled compliance with the administrative procedures required by the ADEA and concluded that this shortcoming deprived the court of subject matter jurisdiction. To evaluate the district court's ruling it is first necessary to examine the procedural structure of the ADEA, which can usefully be compared to Title VII procedures. The ADEA and Title VII share two characteristics; both require that a would-be plaintiff pursue certain administrative remedies before filing a civil suit, and both require that the plaintiff defer to available state procedures in certain situations. If the plaintiff lives in a state that has "a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice," then the plaintiff must defer to the available state remedies by commencing proceedings under state law and allowing the state at least 60 days to resolve the dispute. 29 U.S.C. § 633; *see also* 42 U.S.C. § 2000e–5(c) (similar deferral provision for Title VII). In addition

to instituting state proceedings, a charge of age discrimination must be filed with the EEOC and the Commissioners must be allowed 60 days in which to resolve the dispute through conciliation, conference, and persuasion. In nondeferral states this charge must be filed within 180 days of the unlawful practice, and in states in which deferral to state mechanisms is required the charge must be filed with the EEOC within 300 days of the unlawful practice or 30 days after notice of termination of the state proceedings, whichever is earlier. There is no requirement, however, in deferral states that the charge be filed with the EEOC after, rather than during or before, state proceedings. *Magalotti v. Ford Motor Co.*, 418 F.Supp. 430, 435 (E.D.Mich. 1976). Title VII differs in this respect as a charge may not be filed with the EEOC until after the state has been given an opportunity to resolve the dispute. 42 U.S.C. § 2000e–5(c).

Defendant challenged the sufficiency of plaintiff's pleadings regarding the filing of her ADEA charge with the EEOC. Defendant did not challenge this aspect of plaintiff's Title VII claim and we need not consider the adequacy of plaintiff's compliance with Title VII. Plaintiff pled the following facts regarding her compliance with the administrative procedures in her second amended complaint: (1) she filed a charge with the Wisconsin Equal Rights Division; (2) she indicated on this charge that she wished the Division to refer the charge to any other government agency having jurisdiction; (3) the Equal Rights Division sent a copy of plaintiff's charge to the EEOC;[1] (4) the Division sent a copy of the charge to defendant, which indicated that the charge was being referred to the EEOC; (5) and the EEOC wrote to both defendant and plaintiff to acknowledge receipt of the charge from the Division. In examining the complaint the court did not refer to plaintiff's allegation that the Division sent the charge to the EEOC at her request. The court termed the copy sent to the

EEOC an "informational copy" and held that it was not adequate to meet the requirement that a charge be filed with the EEOC. The court viewed a proper filing as a "jurisdictional underpinning" for the ADEA action. The court refused to consider plaintiff's subsequent submission of a copy of the worksharing agreement between the Division and the EEOC as plaintiff offered no explanation as to the tardiness of the submission.

Plaintiff, and the EEOC appearing as *amicus curiae*, urge that the court erred in treating compliance with the administrative prerequisites as jurisdictional, in finding that the charge sent to the EEOC was not adequate, and in refusing to consider the worksharing agreement. We need only consider the first two contentions.

*A Jurisdiction*

██ The EEOC argues that the court erred in treating the filing requirement under the ADEA as jurisdictional rather than simply as a condition precedent to suit. The relevance of this distinction stems from the fact that "a short and plain statement of the grounds upon which the court's jurisdiction depends" must be provided, Fed.R.Civ.P. 8(a), while "it is sufficient to aver generally that all conditions precedent have been performed or have occurred," Fed.R.Civ.P. 9(c).

The district court did not evaluate this argument, but did find that "the second amended complaint does not allege explicitly that prior to the commencement of this lawsuit in this court, 'a charge alleging unlawful discrimination ha[d] been filed with the Secretary [EEOC]'." The court also found that the Division's action in sending the charge to the EEOC was not a sufficient filing under the ADEA. The court, then, appeared to be faulting plaintiff for pleadings that were not sufficiently explicit and also for relying on the Division to refer her charge to the EEOC. In the first instance the court erred in treating

---

**1.** In her complaint plaintiff states that the Division sent to the EEOC a copy of "plaintiff's charge of unlawful *race* and sex discrimina-

tion." (emphasis added) This is obviously a mistake as every other allegation makes clear that age, not race, was in issue.

the filing as jurisdictional, and in the second instance in requiring plaintiff to file the charge with the EEOC herself.

If the filing requirement is simply a condition precedent then the complaint was sufficient if it generally alleged that all conditions precedent had been fulfilled. The question whether a federal district court has jurisdiction to entertain an ADEA suit despite improper administrative filing boils down to a determination of Congress' intent. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Jackson v. Seaboard Coast Line Railroad Co.*, 678 F.2d 992, 1001 (11th Cir.1982). The filing requirements of Title VII are almost identical to those of the ADEA, and clearly are not jurisdictional. *Zipes; Jackson.* The similarity between Title VII and the ADEA makes these decisions persuasive precedent. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 755, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979); *Aronsen v. Crown Zellerbach*, 662 F.2d 584 (9th Cir.1981), *cert. denied*, 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983). In *Zipes* the Court noted that Congress did not tie the grant of jurisdiction to the fulfillment of the administrative procedures and that Congress did not intend Title VII, a statutory scheme set in motion by laymen, to be read in a technical manner. The same is true of the ADEA. Furthermore, reading the filing requirement as a condition precedent is supported by the legislative history of the 1978 amendments to the ADEA. In the Joint Explanatory Statement of the Committee of Conference the conferees agreed that "the 'charge' requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA and that therefore equitable modification for failing to file within the time period will be available under this Act." H.R.Rep. No. 950, 95th Cong., 2d Sess., *reprinted in* 1978 U.S. Code Cong. & Ad.News 504, 528, 534.

Although many cases have termed the filing requirement of the ADEA jurisdictional, the weight of authority rejects this view. As with Title VII, under which the *Zipes* Court recognized that many opinions branded the filing requirement as jurisdictional but then did not treat the failure to file in a timely fashion as unforgivable, many ADEA cases used the terminology of jurisdiction but applied the law of conditions precedent. *See, e.g., Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834 (3d Cir.1977), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978) (recognizing equitable reasons for not enforcing deferral requirement); *Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976) ("jurisdictional" requirement that plaintiff give 60 days notice of intent to file suit under ADEA may be waived when "special facts" are present); *Ott v. Midland-Ross corporation*, 523 F.2d 1367 (6th Cir.1975) (180-day filing requirement of ADEA is jurisdictional, but may be tolled). Accordingly, we will follow the line of decisions holding that the administrative filing requirements of the ADEA are not jurisdictional. *Kephart v. Institute of Gas Technology*, 581 F.2d 1287 (7th Cir.1978), *appeal after remand*, 630 F.2d 1217 (1980), *cert. denied*, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir.1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir.1976), *aff'd by evenly divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977); *Pirone v. Home Industries Co.*, 507 F.Supp. 1281 (S.D.N.Y.1981).

■ The district court erred in requiring anything more than a general allegation that all conditions precedent had been fulfilled. A comparison of plaintiff's allegations with those found sufficient in a number of Title VII cases reveals that plaintiff's pleadings were more than adequate. In *EEOC v. Klingler Electric Corp.*, 636 F.2d 104 (5th Cir.1981), the court found an allegation that stated no more than: "All conditions precedent to the institution of this lawsuit have been fulfilled" was sufficient. In *EEOC v. Wah Chang Albany Corp.*, 499 F.2d 187 (9th Cir.1974), the court found no need to allege deferral to the state agency as a general allegation of

the performance of conditions precedent was adequate. Similar results were reached in *EEOC v. Times-Picayune Publishing Co.*, 500 F.2d 392 (5th Cir.1974), *cert. denied,* 420 U.S. 962, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975); *EEOC v. Standard Forge & Axle Co.*, 496 F.2d 1392 (5th Cir. 1974), *cert. denied,* 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 801 (1975); *Johnson v. Duval County Teachers Credit Union,* 507 F.Supp. 307 (M.D.Fla.1980); *EEOC v. United Aircraft Corp.*, 383 F.Supp. 1313 (D.Conn.1974). Plaintiff, who detailed the steps she took in processing her claim through the various administrative agencies, provided more than the required general allegation concerning the performance of conditions precedent.

■ A sufficient pleading, however, is not beyond attack. A defendant may raise the issue of non-performance of a condition. precedent prior to trial by way of a motion for summary judgment, in which case the court may then determine the issue. *EEOC v. Klingler Electric Corp.*, 636 F.2d at 106; *EEOC v. Wah Chang Albany Corp.*, 499 F.2d at 190. The court did not treat defendant's motion to dismiss as a motion for summary judgment under Rule 56, Fed.R.Civ.P., and did not allow plaintiff an opportunity to present any affidavits. Had plaintiff been granted this opportunity she could have presented the worksharing agreement and we probably would never have dealt with this appeal. Had plaintiff provided only a minimal allegation concerning the performance of the administrative prerequisites we would have to reverse and remand this case for a proper hearing. As it is, however, we find that plaintiff's uncontested allegations are sufficient to establish a proper filing with the EEOC.

*B Sufficiency of the Filing*

■ The ADEA provides that: "No civil action may be commenced by an individual ... until 60 days after a charge alleging unlawful discrimination has been filed with the Commission." 29 U.S.C. § 626(d). The purpose of the filing requirement is ʾto allow the Commission to

attempt to resolve the dispute through informal means such as conciliation before a court action is begun. *Dartt v. Shell Oil Co.*, 539 F.2d at 1261. The district court felt that the charge sent by the Equal Rights Division to the EEOC served only as an "informational copy" and did not alert the EEOC that it should undertake conciliation. The EEOC admittedly did not act on plaintiff's complaint, but this cannot affect plaintiff's rights. *Kahn v. Pepsi Cola Bottling Group*, 526 F.Supp. 1268 (E.D.N.Y.1981). Despite the EEOC's inaction, we do not agree with the district court that the copy sent to the Commission was inadequate.

■ The ADEA is humanitarian legislation that should not be construed in a hypertechnical manner. Under the ADEA the wheels of justice are set in motion by laymen, and we are loath to adopt a reading of the ADEA that makes this task any more difficult than it already is. Under the circumstances of this case plaintiff did all that she reasonably thought was necessary. She indicated that she wished the Division to forward copies of her complaint to any governmental agency having the appropriate jurisdiction, and the EEOC acknowledged that it received her charge. It is highly unlikely that plaintiff directed the Division to send a copy simply to satisfy the curiosity of the EEOC, and nothing in the facts indicates that the EEOC viewed it as an "informational" copy. The EEOC's inaction stemmed from the ongoing state proceedings, not from any inadequacies in plaintiff's complaint. In fact, in the letter the EEOC sent to defendant indicating that it had received plaintiff's complaint the Commission stated: "The EEOC considers its receipt of a copy of this charge as being sufficient to preserve the charging party's private suit rights under the ADEA." We assume that the EEOC made a similar statement to plaintiff—her letter is not in the record—and at any rate believe that the EEOC did not view the filing procedures followed by plaintiff as inadequate. Although a truly "informational only" copy of a charge may be inadequate under the

ADEA, *Tyler v. Reynolds Metals Co.*, 600 F.2d 232 (9th Cir.1979); *Lopez v. Sears, Roebuck and Co.*, 493 F.Supp. 801 (D.Md. 1980), this is not such a case.

 We turn now to defendant's final argument, which essentially disputes the proposition that plaintiff may rely on a state agency to act as her agent in filing her charge with the EEOC. Because we reject defendant's claim on this point we need not determine whether the court erred in not considering the worksharing agreement, which designates the Division as the EEOC's agent for receiving charges.

In interpreting the filing requirement of the ADEA we are guided both by the language and the purpose of the Act. Nothing in the language of the ADEA requires that plaintiff file the charge with the EEOC herself rather than relying upon a third party to act as her agent. The ADEA only states that no civil action can be brought "until 60 days after a charge of unlawful discrimination has been filed with the Commission." This language, which was added in 1978, is a change from the former requirement that no civil action could be brought "until the individual has given the Secretary not less than sixty days' notice of an intent to file such an action." As observed in *Pirone v. Home Insurance Co.*, 507 F.Supp. 1281, 1286 (S.D.N.Y.1981), "the section as amended does not explicitly require that the aggrieved individual personally file the charge, merely that it be filed on his behalf." As long as the charge adequately informs the Commission that the aggrieved person is seeking redress for age discrimination and expects the Commission eventually to take action the purpose of the filing requirement is met, regardless of who sends the charge to the Commission.

This reading is supported by the purpose of the filing, which is merely to give the EEOC notice and an opportunity to act, and by the parallel section of Title VII, which more explicitly states that the charge may be filed "by or on behalf of a person claiming to be aggrieved." 42 U.S.C. § 2000e–5(b). We can perceive no principled reason

for distinguishing between the procedures under Title VII and under the ADEA in this respect and reject defendant's argument that we should read such a distinction into the language of the Act.

The case law under both Title VII and the ADEA supports our reading. In *Love v. Pullman*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), the Court rejected the claim that it was improper for a victim of race discrimination to file first with the EEOC and rely on the Commission to file with the appropriate state agency, and allow the Commission to file formally the charge with itself once the deferral period elapsed. The Court saw no reason to require the aggrieved person to file with the state and then file again with the EEOC. As the Court observed, "Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." 404 U.S. at 527, 92 S.Ct. at 619.

A large number of cases have adopted the reasoning of *Love v. Pullman* in approving various forms of filing under Title VII and the ADEA. In *Kahn v. Pepsi Cola Bottling Group*, 526 F.Supp. 1268 (E.D.N.Y.1981), plaintiff filed Title VII and ADEA charges with a state agency, checking a box on the complaint form indicating that the state agency could accept filing on behalf of the EEOC. The court found this to be sufficient compliance with the filing requirement despite the Commission's failure to acknowledge receipt of the Title VII claim or take any action. Similarly, in *Pirone*, 507 F.Supp. at 1286, the court saw no objection to plaintiff sending an ADEA complaint to his Senators accompanied by a request that they forward it to the Department of Labor. In *EEOC v. Riss International Corp.*, 525 F.Supp. 1094 (W.D.Mo. 1981), a filing with the Kansas City Department of Human Relations was deemed adequate to constitute timely filing with the EEOC although the Department was not an official deferral agency. *See also Egelston v. State University College at Geneseo*, 535 F.2d 752, 755 n. 4 (2d Cir.1976) (filing Title VII charge with Office of Fed-

eral Contract Compliance sufficient); *Collins v. Manufacturers Hanover Trust Co.,* 542 F.Supp. 663 (S.D.N.Y.1982) (ADEA and Title VII complaints were filed with EEOC when plaintiff filed complaints with state agency and authorized agency to act as agent of EEOC).

In essence plaintiff requested that the Wisconsin Equal Rights Division act as her agent in filing her charge with the EEOC, and the Division did so. Had the Division failed to file plaintiff's charge with the EEOC we would face a different situation and the work sharing agreement designating the Division as the EEOC's agent for receiving charges would be relevant, but that is not this case. We see no statutory impediment to this course of action. Accordingly, we reverse the district court's dismissal of plaintiff's ADEA claim.

COFFEY, Circuit Judge, concurring in part, dissenting in part.

I concur with the majority's sound reasoning in section II that the district court's dismissal of the plaintiff's ADEA claim was a final judgment under Fed.R.Civ.P. 54(b) and that this court has jurisdiction to hear an appeal of that final judgment pursuant to 28 U.S.C. § 1291. Furthermore, I concur with the majority in section III, subsection A, that the filing of a charge with the EEOC under 29 U.S.C. § 626(d) is not a jurisdictional requirement. I dissent, however, with the majority's conclusion in section III, subsection B, that the plaintiff's second amended complaint contained sufficient allegations to satisfy the express requirement of 29 U.S.C. § 626(d) that a charge be filed with the EEOC before a civil action is commenced.

This lawsuit involves a lengthy and unnecessarily complex procedural history. In January 1982, the plaintiff filed a civil action in Federal district court alleging that the defendant, Consolidated Management, and Rick Levi, an employee of the defendant, had engaged in sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and age discrimination in viola-

tion of the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.* ("ADEA"). In February 1982, the defendants moved to dismiss the lawsuit on the grounds that neither defendant had been adequately served with a summons and complaint, the district court lacked personal jurisdiction over defendant Levi, and the plaintiff had failed to allege that defendant Levi was an employer for purposes of the Title VII and ADEA claims. In May 1982, the defendants renewed their motions to dismiss and also moved to strike the plaintiff's allegation of suffering mental distress, pain, and anguish in excess of $50,-000. In August 1982, the district court granted the defendants' motion to strike and also granted the motion to dismiss for inadequacy of service unless the summons and complaint were properly served before 4:00 p.m. on September 13, 1982.

On September 7, 1982, the plaintiff filed and properly served an amended summons and a first amended complaint, naming Consolidated Management as the sole defendant. One month later, in October 1982, Consolidated Management filed a motion to dismiss the plaintiff's Title VII and ADEA claims for failure to commence the actions in a timely fashion and, in the alternative, to dismiss the ADEA claim for lack of subject matter jurisdiction. According to the defendant, the filing of a charge with the EEOC was a jurisdictional prerequisite to a civil cause of action and the plaintiff's failure to file such a charge precluded the district court from entertaining the ADEA claim. The plaintiff responded, in December 1982, with a motion for leave to file and serve a second amended complaint.

On the issue of filing a charge with the EEOC, the plaintiff's second amended complaint alleged that:

1) The plaintiff filed a charge with the Equal Rights Division of the Wisconsin Department of Industry, Labor and Human Relations ("WERD") and indicated that she desired the WERD to refer the charge to any other

government agency with jurisdiction over it.

2) On or before September 4, 1980, the WERD sent a copy of the plaintiff's charge of race [sic] and sex discrimination to the EEOC.

3) On September 4, 1980, the WERD sent a copy of the plaintiff's administrative charge to Consolidated Management, and a cover letter indicating that a copy of the complaint was being sent to the EEOC.

4) On September 29, 1980, the EEOC, Milwaukee office, wrote to the plaintiff acknowledging receipt of her charge from the WERD.

In January 1983, one year after the original filing of this civil lawsuit, the district court issued an order granting the plaintiff's motion to file a second amended complaint. The district court ruled that, "[a]lthough counsel for the defendant Consolidated express understandable irritation with the manner in which counsel for the plaintiff has proceeded, it does not appear that defendant Consolidated will be prejudiced by a grant of leave to serve the second amended complaint, and such leave is granted." In an attempt to "facilitate the progress of this action," the district court proceeded, within the same order, to review the plaintiff's second amended complaint and determine if it contained sufficient allegations to satisfy the requirement of 29 U.S.C. § 626(d) that a charge be filed with the EEOC before a civil action is commenced. The court held that:

"under the circumstances alleged in this [second amended] complaint, there has been no filing with the EEOC within the meaning of § 626(d). The point is that within the time periods prescribed in § 626(d), the EEOC must be given clearly to understand that the grievant is requesting the EEOC, as contrasted with state authority, to provide a remedy. 'Information copies,' so to speak, advising EEOC that the grievant has turned to a state authority for assistance are clearly inadequate to alert the EEOC to the fact that it is now being called upon

to engage in appropriate conciliatory and mediative action, and to provide the occasion for EEOC to consider and decide whether it should elect itself to initiate some proceeding.

Thus, in the second amended complaint, the plaintiff has failed to allege the facts that supply the jurisdictional underpinning for this action under ADEA."

Following the district court's order dismissing the plaintiff's ADEA claim for lack of subject matter jurisdiction, the plaintiff filed a motion for reconsideration, alleging that the "EEOC had designated the [Wisconsin] Equal Rights Division as its agent for the purpose of receiving charges pursuant to a Work Sharing Agreement between the two agencies in effect at the time the charge was filed." Appended to the motion was a copy of the "Work Sharing Agreement" and an affidavit from the plaintiff's attorney claiming that the "Work Sharing Agreement" was valid and in effect at the time the plaintiff filed her charge with the WERD. In May 1983, the district court considered the plaintiff's motion for reconsideration and framed the issue as:

"whether plaintiff should be granted leave—although such leave is unrequested—to serve and file a third amended complaint, in which the facts concerning the existence of the work agreement and the memorandum of understanding might be alleged and in which plaintiff might allege facts concerning her actions and those of the state and federal agencies as they bear on the operation of the inter-governmental agreements."

The district court held:

"I decline to grant such leave. The affidavit of plaintiff's counsel contains nothing which justifies the failure either to embody the appropriate allegations in the original complaint or in the first or second amended complaint, particularly after defendant had sharply raised the question of subject matter jurisdiction over the ADEA claim."

On May 26, 1983, the plaintiff appealed the dismissal of her ADEA claim to this court, thus divesting the district court of jurisdiction over the ADEA claim. *See* 28 U.S.C. § 1295.

Title 29 U.S.C. § 626(d) provides that: "No civil action may be commenced by an individual under [the ADEA] until 60 days after a charge alleging unlawful discrimination has been filed with the Commission."

According to the express language of Congress, this " 'charge' requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA...." H.R. Conf.Rep. No. 95–950, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Ad. News 528, 534. Thus, I agree with the majority that "the administrative filing requirements of the ADEA are not jurisdictional." Nonetheless, 29 U.S.C. § 626(d) mandates that an ADEA plaintiff file a charge with the EEOC at least sixty days before commencing a civil lawsuit. The narrow issue in this case is whether the plaintiff's second amended complaint contained sufficient allegations to satisfy the charge filing requirement of 29 U.S.C. § 626(d).

The plaintiff alleges that she filed a charge with the WERD and indicated that the charge should be referred to any other government agency with jurisdiction over it. The plaintiff also alleges that the WERD sent a copy of her charge to Consolidated Management and the EEOC. The plaintiff further alleges that the EEOC wrote to her acknowledging receipt of the charge filed with the WERD. At no time does the plaintiff allege that she intended the WERD charge to also serve as an EEOC charge; that the EEOC considered the WERD charge to be anything more

than an informational copy of a charge filed with a state agency; that the EEOC considered the WERD charge to be sufficient for purposes of 29 U.S.C. § 626(d); that the EEOC notified Consolidated Management of a charge filed with the EEOC;[1] or that the EEOC attempted to reconcile the alleged discriminatory practice.

According to Congress the purpose of the charge filing requirement "is to provide the [EEOC] with sufficient information so that it may notify prospective defendants and to provide the [EEOC] with an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation." H.Conf.Rep. No. 95–950, 95th Cong., 2d Sess., *reprinted in* 1978 U.S. Code Cong. & Ad.News 528, 534. *See also Greene v. Whirlpool Corp.*, 708 F.2d 128, 130 (4th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 707, 79 L.Ed.2d 171 (1984). It stands to reason that an ADEA plaintiff's failure to properly file a charge with the EEOC defeats the very purpose of this legislative scheme. *See Comfort v. Rensselaer Polytechnic Institute*, 575 F.Supp. 258, 260 (N.D.N.Y.1983). Without the filing of a proper charge, the EEOC cannot notify the defendant of the action nor can it attempt to reconcile the alleged discriminatory practice. Thus, I agree with the Third Circuit that "[i]n order to constitute a charge that satisfies the requirement of section 626(d), notice to the EEOC must be of a kind that would convince a reasonable person that the grievant has manifested an intent to activate the Act's machinery." *Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir.1983).

In the instant case, the plaintiff's second amended complaint contains no allegations that she intended to "activate" the ADEA

1. The majority refers to a letter that the EEOC sent to Consolidated Management concerning the plaintiff's WERD charge. According to the letter, "[t]he EEOC considers its receipt of a copy of this charge as being sufficient to preserve the charging party's private suit rights under the ADEA." It is clear that this letter was filed with the district court on January 23, 1984, some eight months after the plaintiff had filed her ADEA appeal in this court. Once the plain-

tiff appealed the district court's dismissal of her ADEA claim in March 1983, the district court no longer retained jurisdiction over the ADEA claim. *See* 28 U.S.C. § 1295. Thus, the alleged letter is not a part of the district court record and no motion was submitted to this court to supplement the record on appeal. *See, e.g.,* Fed. R.App.P. 10(e). Accordingly, the letter has not been properly certified and is not properly before this court for review.

process, allowing the EEOC to notify Consolidated Management of the ADEA claim and to engage in conciliatory efforts between the parties. Instead, the plaintiff only alleges that she filed a charge with the WERD, in an apparent attempt to resolve the alleged discriminatory practices through a state administrative agency. The allegations of the second amended complaint simply fail to manifest the plaintiff's intent to file a charge with the EEOC, and thereby activate the ADEA machinery. I thus conclude that the plaintiff has failed to satisfy the requirement of 29 U.S.C. § 626(d) that a charge be filed with the EEOC sixty days before a civil action is commenced. *Cf. Greene v. Whirlpool Corp.*, 708 F.2d at 130–31; *Woodard v. Western Union Tel. Co.*, 650 F.2d 592, 594–95 (5th Cir.1981); *Pieckelun v. Kimberly-Clark Corp.*, 493 F.Supp. 93, 95–97 (E.D.Pa.1980) (oral notification is inadequate means of filing charge).

Unlike the majority, I am compelled to reach the secondary issue of whether the district court erred in denying the plaintiff leave to file a third amended complaint, containing factual allegations of the alleged "Work Sharing Agreement" between the WERD and the EEOC. The general rule is that a party is entitled to amend his pleading once as a matter of course and thereafter "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). According to the Supreme Court:

> "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). This court has added that "[t]he determination of the appropriateness of additional amended pleadings 'is within the discretion of the trial court.'" *Mertens v. Hummell*, 587 F.2d 862, 865 (7th Cir.1978) (citing *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971)). Although the "trial court must respect the underlying spirit of the rule, which is tolerant toward amendments, the right to amend is not absolute." *Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir.1982) (footnote omitted).

In the instant case, the plaintiff filed an original and two amended complaints. The record reveals that the defendants initially raised the issue of a failure to file a charge with the EEOC in October 1982, after receiving the plaintiff's first amended complaint. It was not until January 1983, after the plaintiff had filed and the district court had dismissed the second amended complaint, that the plaintiff raised the issue of the "Work Sharing Agreement." The plaintiff offered absolutely no excuse for the undue delay (over one year from the filing of the original complaint) in alleging or acknowledging the existence of the "Work Sharing Agreement." As this court stated in *Shall v. Henry*, 211 F.2d 226, 231 (7th Cir.1954), "[t]here must be an end sometime to applications to amend." In this case I believe that end has been reached. The plaintiff had over a year to notify the district court of the alleged "Work Sharing Agreement," but failed to do so. In light of this fact, I cannot say that the trial judge abused his discretion in denying the plaintiff leave to file a third amended complaint. *See, e.g., Armstrong v. McAlpin*, 699 F.2d 79, 93–94 (2d Cir. 1983); *Mercantile T.C.N.A. v. Inland Marine Products*, 542 F.2d 1010, 1013 (8th Cir.1976); *Mooney v. Vitolo*, 435 F.2d 838, 839 (2d Cir.1970); *Gee v. CBS, Inc.*, 471 F.Supp. 600, 617 n. 12 (E.D.Pa.), *aff'd without opinion*, 612 F.2d 572 (3d Cir.1979); *Thomas v. Amerada Hess Corp.*, 393 F.Supp. 58, 78 (M.D.Pa.1975). Accordingly, with due respect for the majority's position, I would affirm the district court's dismissal of the plaintiff's ADEA claim.