Ali ADWAN, Plaintiff,

v.

COLUMBUS–CUNEO–CABRINI
MEDICAL CENTER,
Defendant.

No. 85 C 10031.

United States District Court,
N.D. Illinois, E.D.

March 14, 1986.

Ronald Scott Mangum/Richard J. Krakowski, Mangum, Smietanka & Johnson, Chicago, Ill., for plaintiff.

Edward P. Freud/Stephen L. Ruff, Jr., Ruff, Weidenaar & Reidy, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM ORDER

ASPEN, District Judge:

This case is before the Court on defendant Columbus-Cuneo-Cabrini Medical Center's (the "Center") motion to dismiss a Title VII action brought by Ali Adwan. For the following reasons, the Center's motion is denied.

The central issue is whether Adwan properly pled his compliance with certain administrative prerequisites to a Title VII employment discrimination suit.[1] The Center's first contention in this regard, and the only point raised on the face of its motion, is that Adwan failed to allege the date of issuance of the right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") or the timely filing of the complaint under 42 U.S.C. § 2000e–5(f) (1982). A second point submitted by the Center, but not argued until its reply memorandum was filed, is that Adwan has not sufficiently alleged that he filed an administrative charge of employment discrimination with the Illinois Department of Human Rights and the EEOC within the prescribed time period.

While not a paragon of clarity, Adwan's complaint satisfactorily sets forth the compliance with administrative procedures necessary to survive this ill-advised motion to dismiss. Paragraph 6 of the complaint states:

> All conditions precedent to jurisdiction under Title VII have occurred or have otherwise been met, to wit: a charge of employment discrimination was timely filed with the Illinois Department of Human Rights and filed with the Equal Employment Opportunity Commission within 280 days of the commission of acts of discrimination herein complained of, a Notice of the Right to Sue on the charge has been filed within 90 days of Plaintiff's having received his Notice of Right to Sue.

The timely filing of EEOC charges is not a jurisdictional prerequisite to a federal action under Title VII. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Stearns v. Consolidated Management, Inc.*, 747 F.2d 1105, 1111 (7th Cir.1984). Thus, the filing requirement is a condition precedent to a Title VII action and a plaintiff need only "aver generally" that all such conditions have been performed. Fed.R.Civ.P. 9(c).

This Court views the allegations in the above-cited section of Adwan's complaint as adequate to "aver generally" that the administrative prerequisites were met. With respect to the filing of a complaint in federal court within 90 days of receipt of the EEOC right-to-sue letter, Adwan has clearly alleged the performance of this condition. Furthermore, he need not allege the date of the right-to-sue letter where he has already alleged generally that he complied with the timeliness requirements. Although the complaint appears to be in error

---

1. The primary basis of the Center's original motion was that parallel state proceedings between these parties were pending before the Illinois Human Rights Commission based on the same allegations presented here. The Center's claim that this suit was therefore duplicitous has been mooted by Adwan's voluntary dismissal of that state claim. The Center had also correctly argued that Adwan's plea for punitive damages should be dismissed because that remedy is unavailable to a Title VII claimant. *See Zewde v. Elgin Community College,* 601 F.Supp. 1237, 1243 (N.D.Ill.1984). Adwan conceded this point in his response memorandum.

in stating that a "Notice of the Right to Sue" has been filed within 90 days of Adwan's receipt of his right-to-sue letter, we can reasonably infer that Adwan intended to allege that *this suit* was filed within that time. Without such an inference, that statement makes no sense. Furthermore, as to the timely filing of administrative charges, it is possible that charges filed within 280 days of the alleged discriminatory acts, as Adwan has alleged, would comply with the 300-day filing requirements for Title VII claimants in "deferral states" such as Illinois. 42 U.S.C. §§ 2000e–5(c), (e) (1982); *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

Thus, we find that Adwan has properly pled compliance with the administrative prerequisites to this Title VII action under Fed.R.Civ.P. 9(c). If the Center can, during the course of discovery, divulge information which would demonstrate that Adwan has not complied with standards established by Title VII and the Supreme Court's pronouncements in *Mohasco*, then a motion for summary judgment might be appropriate. *Stearns*, 747 F.2d at 1112. However, in filing this motion at this preliminary stage of the litigation, the Center has done nothing but waste the time of everyone involved in these proceedings. Accordingly, the Center's motion to dismiss is denied.[2] It is so ordered.

---

**2.** The Center also moved to strike the jury demand included in Adwan's complaint. We will allow this motion on the ground that there is no right to a jury trial in equitable claims brought under Title VII. *Grayson v. Wickes Corp.*, 607 F.2d 1194, 1196 (7th Cir.1979).