**Lawrence J. LISS, Plaintiff,**

v.

**MARQUETTE SAVINGS BANK, S.A., Defendant.**

No. 97–C–0977.

United States District Court, E.D. Wisconsin.

July 15, 1998.

Alan C. Olson, Attorney at Law, Alan C. Olson & Associates, New Berlin, WI, for Plaintiff.

Alan E. Seneczko, Attorney at Law, Seneczko Law Office, Milwaukee, WI, for Defendant.

## MEMORANDUM AND ORDER

GORENCE, United States Magistrate Judge.

The plaintiff commenced this action under the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 et seq. (ADEA), on September 19, 1997, alleging that he was treated more harshly than younger employees and discharged by the defendant because of his age and because of his opposition to discriminatory employment practices. Jurisdiction over this action is predicated on 28 U.S.C. § 1331 because this action is based on a federal question. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391. This action was assigned to United States District Judge Charles N. Clevert according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 13.03 (E.D.Wis.). Subsequently, the parties consented to United States magistrate judge jurisdiction and the matter was transferred to the court for all further proceedings.

On October 10, 1997, defendant Marquette Savings Bank, S.A. (Marquette) filed a motion to dismiss pursuant to Rule 12(b)(1) & (6) of the Federal Rules of Civil Procedure. The grounds for its motion, the defendant asserts that the court "lacks subject matter jurisdiction over the Complaint because the Plaintiff failed to exhaust the administrative remedies required by 29 U.S.C. § 626(d)." (Defendant's Motion to Dismiss). Pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, the defendant has moved for an award of costs, including reasonable attorney's fees which it incurred in its defense against the plaintiff's prior complaint in Case No. 97–C–0720. Also pending is the plaintiff's motion to file the affidavit of Alan C. Olson in response to the defendant's motion to dismiss and the defendant's motion to strike the plaintiff's motion to file the affidavit of Attorney Olson. These motions will be addressed herein.

## BACKGROUND

A review of the procedural background of this action and the prior case, *Liss v. Marquette Savings Bank, S. A.,* Case No. 97–C–0720, is essential to a resolution of the pending motions. On June 11, 1997, the plaintiff filed a Charge of Discrimination with the Wisconsin Equal Rights Division (ERD) and the Equal Employment Opportunity Commission (EEOC) alleging that he was terminated based on his age and in retaliation for informing the defendant that he felt he was being subjected to age discrimination when his pay was reduced. (Affidavit of Alan E. Seneczko [Seneczko Aff.] ¶ 2, Exh. 2).

Prior to filing this charge, on April 9, 1997, the plaintiff sent a letter to the EEOC stating that he had filed a Charge of Discrimination on that date with the EEOC and requested the issuance of a Notice of Right to Sue. (Seneczko Aff. ¶ 3, Exh. 1). By letter of May 6, 1997, the EEOC advised counsel for the plaintiff that they had no record of a Charge of Discrimination filed by the plaintiff. *Id.* On May 14, 1997, and May 23, 1997, the plaintiff filed requests with the EEOC for the issuance of a Notice of Right to Sue. *Id.*

On June 23, 1997, the EEOC sent the defendant a notice of charge of discrimination along with the plaintiff's Charge of Discrimination, request for information, and materials relating to voluntary settlement and mediation. (Seneczko Aff. ¶ 4, Exh. 2). The EEOC issued a Notice of Right to Sue to the plaintiff on June 24, 1997. (Seneczko Aff. ¶ 5, Exh. 3). The notice stated that although less than 180 days had expired since the filing of the charge, the EEOC had determined that it would be unable to complete its process within 180 days from the filing of the charge. It further advised that with the issuance of the notice "the Commission is terminating its process with respect to this charge." *Id.* The box on the form marked "ADEA", which was checked, provides in relevant part: "you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until 90 days after you received notice that EEOC has completed action on your charge." *Id.* The EEOC further advised in its notice

that because it was closing the case, the plaintiff's action under the ADEA "must be brought within 90 days of your receipt of this notice. Otherwise, your right to sue is lost." *Id.*

On July 1, 1997, the plaintiff filed an action, *Liss v. Marquette Savings Bank, S. A.,* Case No. 97–C–0720, alleging that the defendant violated the ADEA and the Older Workers Benefit Protection Act of 1990 (OWBPA), 29 U.S.C. § 21. The defendant moved to dismiss this complaint on July 23, 1997, contending that the court lacked subject matter jurisdiction over the claim because the plaintiff had failed to exhaust the administrative remedies required in 29 U.S.C. § 626(d) and § 633(b)(2). Specifically, the defendant asserted that the plaintiff had filed his complaint less than 60 days after he filed his charge of discrimination with the EEOC and before the expiration of 60 days after commencing the proceedings under state law.

The plaintiff then moved to amend his complaint in Case No. 97–C–0720 which was denied by United States Magistrate Judge William E. Callahan, Jr. on September 17, 1997. (Seneczko Aff. ¶ 8, Exh. 6). Judge Callahan also recommended that the defendant's motion to dismiss be granted.[1] In his recommendation, Judge Callahan concluded that the court lacked jurisdiction over the plaintiff's ADEA claim and that the plaintiff failed to state a claim upon which relief could be granted under the OWBPA. (Seneczko Aff. ¶ 9, Exh. 7).

The plaintiff did not file any objections to Judge Callahan's recommendation. Rather, on September 19, 1997, the plaintiff filed a notice of dismissal of complaint and amended complaint pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. (Seneczko Aff. ¶ 10, Exh. 8). The plaintiff commenced this action on the same date.

### ANALYSIS

In moving to dismiss this action, the defendant asserts that the court lacks subject matter jurisdiction because the plaintiff failed to afford the Equal Employment Opportunity Commission (EEOC) the chance to notify the defendant of the charge and attempt to resolve the claim through informal conciliation as required under 29 U.S.C. § 626(d). The defendant asserts that this requirement is a condition precedent to a private action under the ADEA and that the plaintiff's failure to satisfy the requirement deprives this court of subject matter jurisdiction.

The defendant contends the plaintiff disregarded the fundamental conciliatory purpose of the 60 day waiting period set forth in 29 U.S.C. § 626(d) by filing requests for Notice of Right to Sue before he even filed a Charge of Discrimination. He further argues that, as a result, the EEOC had no opportunity to engage in informal methods of conciliation with the parties. The defendant asserts that the failure to comply with the 60 day statutory waiting period set forth in § 626(d) is a jurisdictional prerequisite to an action in federal court. (*See* Defendant's Reply to Plaintiff's Response to Motion to Dismiss and Motion for Costs at 6). Because the plaintiff failed to satisfy the conciliation requirements of § 626(d), the defendant asserts that this court lacks jurisdiction and that plaintiff's complaint must be dismissed.

The plaintiff argues that this court has jurisdiction over this action because he met the administrative filing requirements. He filed the instant case more than 60 days after filing his Charge of Discrimination and after the EEOC's issuance of the Notice of Right to Sue.

The purpose of the ADEA, like Title VII, is to eliminate discrimination in the work place. *See Husch v. Szabo Food Service Co.,* 851 F.2d 999, 1002 (7th Cir.1988). The ADEA contains two mandatory administrative requirements that a plaintiff must satisfy before filing suit. *Overgard v. Cambridge Book Co.,* 858 F.2d 371, 374 (7th Cir.1988). A plaintiff must file a Charge of Discrimination with the EEOC. 29 U.S.C. § 626(d). In addition, if the state in which the alleged discrimination occurred is a "deferral state," that is, if it has a state law prohibiting discrimination, then the plaintiff must also file a charge with the appropriate state agency. 29 U.S.C. § 633(b). *See Overgard,* 858 F.2d

---

1. Because the parties had not consented to United States magistrate judge jurisdiction in the case, Judge Callahan issued a recommendation on the defendant's motion to dismiss.

at 374; *Smith v. General Scanning, Inc.*, 832 F.2d 96, 97–98 (7th Cir.1987).

 After a plaintiff claiming a violation of the ADEA files a complaint with the EEOC, the plaintiff must then wait 60 days from the filing date before bringing an action in federal court. However, the administrative filing requirements imposed under the ADEA are not jurisdictional prerequisites which pose an absolute bar to suit but rather they are conditions precedent to filing an action. *See Perkins v. Silverstein*, 939 F.2d 463, 469–470 (7th Cir.1991); *Stark v. Dynascan Corp.*, 902 F.2d 549, 551 (7th Cir.1990); *Overgard*, 858 F.2d at 374; *Stearns v. Consolidated Management, Inc.*, 747 F.2d 1105, 1111 (7th Cir.1984). The ADEA "is humanitarian legislation that should not be construed in a hyper technical manner." *Stearns*, 747 F.2d at 1112; *see also, Overgard*, 858 F.2d at 374.

In this case, the plaintiff filed a charge of discrimination with the EEOC and the Wisconsin ERD on June 11, 1997. On June 24, 1997, the EEOC issued a Notice of Right to Sue. The plaintiff initially filed an action in federal court on July 1, 1997, which was designated as Case No. 97–C–0720. Upon the motion of the defendant, Magistrate Judge Callahan recommended that action be dismissed because the court lacked jurisdiction over the plaintiff's ADEA claim since 60 days had not expired before the plaintiff brought the federal action. Thereafter, on September 19, 1997, the plaintiff voluntarily dismissed that case. The instant case was filed on the same date. By the time the plaintiff filed this action, the 60 day period the plaintiff was required to wait before bringing an action in federal court had elapsed. *See* 29 U.S.C. § 626(d).

 The defendant argues that the plaintiff's action in requesting a Notice of Right to Sue before he actually filed a Charge of Discrimination and his "total disregard" of the fundamental purpose of the 60 day waiting period warrants dismissal of this action.

Contrary to defendant's contention, however, the 60 day conciliation period in § 626(d) is not a jurisdictional prerequisite which deprives this court of subject matter jurisdiction. *See Stearns*, 747 F.2d at 1111–1112. Rather, it is a condition precedent to filing a federal action similar to a statute of limitations and is therefore subject to waiver, estoppel and equitable tolling. *See Perkins*, 939 F.2d at 470, *Stark*, 902 F.2d at 551, *Husch*, 851 F.2d at 1003.

In the instant case, the plaintiff did wait 60 days from the date of his filing a Charge of Discrimination with both the EEOC and the state agency before initiating this federal action. Thus, he complied with the provisions of 29 U.S.C. § 626(d) and § 633(b). The EEOC issued a Notice of Right to Sue before the expiration of the 60 day conciliation period advising the plaintiff that it would be unable to complete its process within 180 days from the filing of the charge. (Seneczko Aff., Exh 3). The EEOC also advised the plaintiff that it was closing its case. *Id.*

Under these circumstances, any failure to conciliate during the 60 day period stemmed from the EEOC's action in issuing its Notice of Right to Sue. Although the plaintiff may have requested such a notice, the decision to issue such notice rested with the EEOC which determined it could not complete its administrative process within the statutory period. In light of the foregoing, this court will recommend that the defendant's motion to dismiss for lack of subject matter jurisdiction be denied.

In so concluding, the court is aware that the plaintiff previously filed a similar complaint which Magistrate Judge Callahan recommended be dismissed because the plaintiff filed his federal action before the expiration of the 60 day conciliation period set forth in § 626(d). Before the United States district judge could make a final decision on the motion, the plaintiff voluntarily moved to dismiss the case. The plaintiff was faced with the Hobson's choice [2] of having his case dis-

---

**2.** Hobson's choice is no real choice at all. This phrase was coined in 1630 by the English poet Thomas Ward. Tobias (or Thomas) Hobson was said to have owned a stable in Cambridge, England. His horses could be rented by students provided that they were willing to take the horse that stood closest to the stable door. This stipu-

lation deprived Mr. Hobson's customer's of any choice at all. *See* Gregory Titelman, *Random House Dictionary of Popular Proverbs & Sayings*, at 137 (1996). "Where to elect there is but one. Tis Hobson's choice—take that or none." Thomas Ward, *England's Reformation* (quoted in Greg-

missed by the district judge if the district judge adopted the magistrate judge's recommendation or dismissing the case and refiling the action after meeting the administrative prerequisites to filing suit. The plaintiff chose the latter course. While this obviously impacted on the defendant and the court's resources, the defendant cites no authority which that holds such action is improper. The plaintiff erroneously filed his action too precipitously and when so advised, albeit belatedly, dismissed the initial action.

In *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 765 n. 13, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), the Supreme Court addressed the issue of whether a plaintiff had to comply with the state filing requirements of 29 U.S.C. § 633(b) before commencing a federal action. The Court noted when a plaintiff has not initiated state proceedings, it is preferable to suspend the federal proceedings rather than to dismiss the case and require the plaintiff to later refile the federal action. "To require a second 'filing' by the aggrieved party after termination of state proceedings would serve no purpose other than the creation of an additional procedural technicality. Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Id.* (quoting *Love*, 404 U.S. at 526–27, 92 S.Ct. 616); *see also, Husch*, 851 F.2d at 1004 n. 9. As a result, the preferred practice in the federal courts is suspension n. 13. In sum, in light of the foregoing, the defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.

### DEFENDANT'S MOTION FOR COSTS

The defendant has also filed a motion for costs pursuant to Fed.R.Civ.P. 41(d), including reasonable attorney's fees which it incurred in defending the plaintiff's complaint in Case No. 97–C–720. The plaintiff had moved to voluntarily dismiss the complaint in that case on September 19, 1997. The plaintiff opposes the motion. In light of the denial of the defendant's motion to dismiss, the defendant's motion for costs will also be denied.

### PLAINTIFF'S MOTION TO FILE AFFIDAVIT AND DEFENDANT'S MOTION TO STRIKE

The plaintiff filed a motion for leave to file the affidavit of Attorney Alan C. Olson asserting that the affidavit is necessary to respond to newly asserted claims raised by the defendant in its reply brief. Subsequently, the defendant moved to strike the motion and affidavit on the grounds that Fed.R.Civ.P. 6(d) does not provide the plaintiff with authority to file a supplemental response brief which is contrary to the Local Rules in the Eastern District of Wisconsin.

Because this court has denied the defendant's motion to dismiss, the court will not address the plaintiff's motion for leave to file the affidavit of Attorney Alan C. Olson and the defendant's motion to strike. These motions will be denied as moot.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction be and hereby is **DENIED.**

**IT IS ALSO ORDERED** that the defendant's motion for costs be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file the affidavit of Attorney Alan C. Olson in response to the defendant's motion to dismiss be and hereby is **DENIED** as moot.

**IT IS ALSO ORDERED** that the defendant's motion to strike the affidavit of Attorney Alan C. Olson be and hereby is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the defendant shall serve and file an answer to the plaintiff's complaint on or before August 3, 1998.