**Carl E. SPIDLE, Plaintiff**

v.

**COMMONWEALTH OF PENNSYLVANIA, OFFICE OF the BUDGET, et al., Defendants.**

**Civ. A. No. 87–0262.**

United States District Court,
M.D. Pennsylvania.

May 28, 1987.

Kenneth A. Wise, Harrisburg, Pa., for plaintiff.

Gwendolyn T. Mosley and Andrew Gordon, Deputy Atty. Gen., Office of Atty. Gen., Harrisburg, Pa., for defendants.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction And Background*

Defendants, the Commonwealth of Pennsylvania and three of its officials, Ross E. Starner, Comptroller for Public Protection and Recreation, Ann Wildeman, his assistant, and Anna M. Anderson, Supervisor of Budgetary Control for the Comptroller, have moved to dismiss plaintiff's complaint. Plaintiff, Carl E. Spidle, has made claims under Title VII, 42 U.S.C. § 2000e–5(f), The

Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* He has also set forth several pendent state law claims, including a claim under the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 *et seq.* The complaint arises from plaintiff's discharge from employment with the state allegedly as a result of sex and age discrimination. In connection with the Title VII and ADEA claims, plaintiff has alleged that "[a]dministrative remedies have been exhausted." (Complaint, ¶¶ 2 and 4). The individual defendants have been sued in their individual and official capacities.

In their motion and supporting brief, defendants argue that: (1) the eleventh amendment divests this court of jurisdiction to entertain the pendent state claims; (2) the Title VII claim must be dismissed because plaintiff has not adequately alleged that he has satisfied the conditions precedent for filing suit; (3) count II must be dismissed because it makes a claim for sex discrimination under the ADEA when the ADEA does not apply to sex discrimination; and, (4) counts III and IV must be dismissed because the allegations of conspiracy are too vague to satisfy Third Circuit pleading requirements in civil rights actions.

### II. *Discussion.*

A. *The Eleventh Amendment Divests This Court of Jurisdiction to Entertain the Pendent State Claims Against the Commonwealth.*

█ Defendants have cited *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), to support their claim that the eleventh amendment bars us from adjudicating plaintiff's state law claims.[1] In *Penn-*

---

1. The eleventh amendment provides as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

As noted by the Court in *Pennhurst,* the eleventh amendment's greater significance is that it points to the fundamental principle of sovereign immunity which limits the grant of judicial power in Article III of the Constitution. 465 U.S. at 98, 104 S.Ct. at 906, 79 L.Ed.2d at 77. Accordingly, even though the amendment itself is limited to suits against the state by citizens of

*hurst,* the Supreme Court held that a federal court did not have jurisdiction to order state officials to conform to the requirements of state law. The Court stated:

> The reasoning of our recent decisions on sovereign immunity thus leads to the conclusion that a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when—as here—the relief sought and ordered has an impact directly on the State itself.

*Id.* at 117, 104 S.Ct. at 917, 79 L.Ed.2d at 89.

■ We agree with defendants that *Pennhurst* requires us to dismiss the pendent state claims as presently set forth. As noted by the Court in *Pennhurst,* the "constitutional bar applies to pendent claims as well." *Id.* at 120, 104 S.Ct. at 918, 79 L.Ed.2d at 91. And there can be no doubt that the relief sought has an impact directly on the state. The Commonwealth through the Office of the Budget has been named as a defendant in all counts of the complaint except count III. All counts share a common request for relief which includes, among other things, reinstatement with full back pay and benefits, the possibility of a lateral transfer within the state and an injunction against future discrimination. No greater impact upon the state can be imagined.

■ We do not believe, however, that the state claims must be dismissed as to defendants other than the Commonwealth. In their individual capacities, they may be liable in damages for slander or invasion of privacy. Of course, some of the requested relief, such as reinstatement, would be inappropriate based upon the above discussion. This relief would have to be deleted in connection with the state claims. Plaintiff will be given an opportunity to amend his complaint to set forth the state claims only against the individual defendants and for relief which would not operate directly against the Commonwealth.

**B.** *Plaintiff Has Adequately Alleged the Fulfillment of the Conditions Precedent to His Filing of the Title VII Claim.*

Defendants argue that plaintiff has not adequately alleged that he has fulfilled all the conditions necessary for bringing a Title VII claim in federal court. They assert that the conclusional statement that "administrative remedies have been exhausted" is insufficient. Defendants would require plaintiff to allege specifically what he has done to satisfy the statutory prerequisites. Defendants note that, although plaintiff alleges he filed a complaint with the referring agency, the Pennsylvania Human Relations Commission (PHRC), he has failed to allege that he subsequently filed a charge with the Equal Employment Opportunity Commission (EEOC) in a timely manner or that the EEOC had issued him a right-to-sue letter. *See* 42 U.S.C. § 2000e–5. Plaintiff counters by relying upon Fed. R.Civ.P. 8(a)(1) which only requires "a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ." Plaintiff also seeks to place the burden upon defendants by arguing that *they* have not asserted that a right to sue letter was *not* issued or that the suit is untimely, etc.

Both sides cite *Gooding v. Warner-Lambert Co.,* 744 F.2d 354 (3d Cir.1984) in their support. In *Gooding,* the court of appeals held that the issuance of a right-to-sue letter was not a jurisdictional requirement for bringing a Title VII action. Hence, a complaint need not be dismissed on jurisdictional grounds pursuant to Fed.R.Civ.P. 12(b)(1) for failing to plead the issuance of such a letter. The Third Circuit also concluded that the district court erred in failing to give plaintiff leave to amend to allege the issuance of the letter. The district court's refusal to allow amendment was based upon the erroneous conclusion that the issuance of a right-to-sue letter was jurisdictional and that the amendment would have been time-barred.

another state, it is established that the judicial power of the United States does not extend to

suits against a state by its own citizens.

Plaintiff relies upon this rationale in asserting that the complaint has sufficiently pled the prerequisites to bringing suit. Just as in *Gooding*, when the existence of the right-to-sue letter did not have to be pled, compliance with administrative procedures does not have to be specifically set forth in plaintiff's complaint. Plaintiff's reliance on *Gooding* is misplaced. *Gooding* dealt solely with the jurisdictional requirements of a Title VII claim. Defendants are not arguing that the complaint is jurisdictionally deficient. Rather, they are moving for dismissal for failure to state a claim upon which relief can be granted based upon an insufficiently precise allegation that plaintiff followed statutory requirements for bringing suit. The court in *Gooding* condoned such a motion. Significantly, however, it left open the question of whether it should be granted, noting only a potential conflict between two different circuits on the specific issue in *Gooding* —whether the issuance of the letter had to be pled to state a cause of action. *Id.* at 358 n. 5. Thus, *Gooding* is of little help to defendants as well.

■ Nevertheless, we believe that plaintiff's approach is correct and that he need only allege generally that all conditions precedent to bringing suit have been satisfied. In *Stearns v. Consolidated Management, Inc.*, 747 F.2d 1105 (7th Cir.1984), plaintiff brought ADEA and Title VII claims. The district court dismissed the ADEA claim on jurisdictional grounds because, in its view, compliance with administrative procedures had not been adequately pled, or, in fact, shown.[2] Plaintiff had alleged more than just general compliance with the statutory prerequisites. The court of appeals prefaced its discussion of this issue by stating:

The EEOC[3] argues that the court erred in treating the filing requirement under the ADEA as jurisdictional rather than simply as a condition precedent to suit. The relevance of this distinction stems from the fact that "a short and

plain statement of the grounds upon which the court's jurisdiction depends" must be provided, Fed.R.Civ.P. 8(a), while "it is sufficient to aver generally that all conditions precedent have been performed or have occurred," Fed.R. Civ.P. 9(c).

*Id.* at 1110.

The Court reversed the district court, concluding that:

The district court erred in requiring anything more than a general allegation that all conditions precedent had been fulfilled. A comparison of plaintiff's allegations with those found sufficient in a number of Title VII cases reveals that plaintiff's pleadings were more than adequate. In *EEOC v. Klingler Electric Corp.*, 636 F.2d 104 (5th Cir.1981); the court found an allegation that stated no more than: "All conditions precedent to the institution of this lawsuit have been fulfilled" was sufficient. In *EEOC v. Wah Chang Albany Corp.*, 499 F.2d 187 (9th Cir.1974), the court found no need to allege deferral to the state agency as a general allegation of the performance of conditions precedent was adequate. Similar results were reached in *EEOC v. Times-Picayune Publishing Co.*, 500 F.2d 392 (5th Cir.1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975); *EEOC v. Standard Forge & Axle Co.*, 496 F.2d 1392 (5th Cir.1974), *cert. denied*, 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 801 (1975); *Johnson v. Duval County Teachers Credit Union*, 507 F.Supp. 307 (M.D.Fla.1980); *EEOC v. United Aircraft Corp.*, 383 F.Supp. 1313 (D.Conn.1974). Plaintiff, who detailed the steps she took in processing her claim through the various administrative agencies, provided more than the required general allegation concerning the performance of conditions precedent.

*Id.* at 1110–11.

The court relied upon Title VII cases after noting the similarity between the ADEA and Title VII in their prelitigation

---

**2.** The court of appeals concluded that plaintiff had, in fact, complied with all administrative prerequisites.

**3.** The EEOC appeared as *amicus curiae.*

procedures and that Title VII cases considered the administrative filing requirements as conditions precedent rather than jurisdictional. Thus, although *Stearns* dealt solely with the ADEA, it may be applied here with equal force to defendants' challenge to plaintiff's Title VII claim. As noted, *Gooding* held that a statutory prerequisite for filing a Title VII suit, the issuance of a right-to-sue letter, was not jurisdictional. This is consistent with Third Circuit law dealing with the ADEA. *See Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir.1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978) (cited in *Stearns*). Therefore, based upon *Stearns*, we conclude that, pursuant to F.R.Civ.P. 9(c), plaintiff merely had to allege generally that he complied with all the statutory prerequisites for filing suit and that his complaint is sufficient in this regard.[4]

Parenthetically, we point out that our conclusion does not mean that the issue of administrative exhaustion has been finally disposed of in this action. As stated by the court in *Stearns:*

> A sufficient pleading, however, is not beyond attack. A defendant may raise the issue of non-performance of a condition precedent prior to trial by way of a motion for summary judgment, in which case the court may than determine the issue. [citations omitted].

*Stearns, supra*, 747 F.2d at 1112 (brackets added).

### C. *Plaintiff Will Be Permitted to Amend Count II of the Complaint to Allege an Age Discrimination Claim.*

Defendants point out that plaintiff is alleging in count II that they violated the ADEA by engaging in sex discrimination against him. (Complaint, ¶ 46). They argue that the ADEA does not deal with sex discrimination and that the count should be dismissed. Plaintiff acknowledges the error and claims he intended to make an age

discrimination claim in count II. Plaintiff will be permitted to amend count II.

### D. *Plaintiff Has Failed Adequately to Allege the Factual Support For the Conspiracy Element of His § 1985 Claim.*

Defendants' final contention is that the sections 1983 and 1985 claims fail to set forth the factual basis of the conspiracy alleged as part of those claims. Plaintiff concedes that conspiracy claims must be set forth with factual specificity, but contends, citing *Frazier v. Southeastern Pennsylvania Transportation Authority*, 785 F.2d 65 (3d Cir.1986), that the allegations of conspiracy in the complaint are sufficient. We disagree and conclude that *Frazier* actually supports defendants here.

In *Frazier*, the court concluded that certain counts in a civil rights complaint were factually deficient because they were conclusory as to defendant's conduct and as to the conspiracy alleged. As an example, one paragraph of the complaint alleged that the defendant union "in conspiracy with SEPTA, '[f]ailed to effectively process grievances for black persons pursuant to their duty to fairly represent on the same basis as grievances for white persons were processed....'" *Id.* at 69 (brackets in original). The court concluded that this allegation failed to set forth the nature of the alleged conspiracy. It stated, in the context of that case, that "[t]he lack of specific facts supporting the claim that the union conspired with the public authority would in itself require dismissal of the § 1983 claim. *See Darr v. Wolfe*, 767 F.2d 79 (3d Cir.1985)....'" *Id.* n. 5 (brackets added).

█ The allegations of conspiracy in the instant complaint are similarly deficient. Paragraphs 25, 54 and 56 speak only conclusionally of a conspiracy among the individual defendants. Nowhere are the facts set forth which plaintiff believes support the charge of conspiracy. Such facts could

---

**4.** Plaintiff points out in his brief that, while defendants moved to dismiss the ADEA claim as well as the Title VII claim, they only briefed the Title VII claim, presumably thereby abandoning their objection to the ADEA claim under local rules. Plaintiff argues that, nevertheless, the complaint is sufficient as to both claims. Based upon *Stearns*, we agree.

include, for example, the times and places that conspiratorial meetings took place. *See Humphrey v. Court of Common Pleas of York County,* 640 F.Supp. 1239 (M.D. Pa.1986).

In regard to the section 1983 claim, we do not read the complaint as alleging a conspiracy as part of this claim. Count III of the complaint incorporates by reference paragraph 25 which does include a conclusional allegation of conspiracy, but, unlike Count IV, the § 1985 claim, no specific claim of conspiracy is set forth in Count III. While plaintiff's brief is ambiguous on this issue, we cannot conclude that plaintiff is attempting to assert a conspiracy in connection with the section 1983 claim. Moreover, considering that a conspiracy charge is not a necessary element of a section 1983 claim, we conclude that Count III survives the motion to dismiss.

We will issue an appropriate order.

## ORDER

AND NOW, this 28th day of May, 1987, upon consideration of defendants' motion to dismiss, it is ordered that:

1. The motion is granted as to the pendent state claims asserted against the Commonwealth of Pennsylvania and the Commonwealth is dismissed as a defendant in those claims. Plaintiff shall also amend his complaint to delete the relief requested in the state law claims which would operate against the state.

2. Plaintiff is granted leave to amend Count II to assert an age discrimination claim.

3. Plaintiff is granted leave to amend Count IV to set forth factual allegations supporting his charge of conspiracy.

4. Plaintiff shall have twenty (20) days from the date of this order to file the amended complaint. If he fails to do so, the action will be dismissed.