724 F.Supp. 345 (1989)
ANHEUSER-BUSCH, INC., Plaintiff,
v.
James A. GOODMAN, Robert P. Fohl, Oliver L. Slinker, PA Liquor Control Board, Col. Ronald M. Sharpe, Pennsylvania State Police, Defendants.
Civ. A. No. 89-0732.
United States District Court, M.D. Pennsylvania.
November 6, 1989.
Gerald Gornish, Philadelphia, Pa., for plaintiff.
Janice L. Anderson, Office of Atty. Gen., Harrisburg, Pa., for defendants.

*346 MEMORANDUM
CALDWELL, District Judge.
Currently before the court is defendants' motion to dismiss. Plaintiff, Anheuser-Busch, Inc., commenced this action in the United States District Court for the Eastern District of Pennsylvania on February 10, 1989. Upon defendants' motion, the action was transferred to this court. The defendants are James A. Goodman, Robert P. Fohl and Oliver L. Slinker, members of the Pennsylvania Liquor Control Board ("Board"), the Board itself, Col. Ronald M. Sharpe, the Commissioner of the Pennsylvania State Police, and the Pennsylvania State Police.
Plaintiff's complaint challenges certain Board regulations set forth in 40 Pa.Code §§ 11.201 and 11.202. Count I of the complaint alleges that the regulations violate the Sherman Act, 15 U.S.C. § 1 et seq. Count II alleges that they violate the commerce clause of the United States Constitution. U.S. Const. art. I, § 8, cl. 3. Count III contends that the Board exceeded the powers granted to it in the Pennsylvania Liquor Code, 47 P.S. § 1-101 et seq. (Purdon Supp.1989-90), by enacting the regulations. Plaintiff requests an injunction against their further enforcement and a declaration that they are invalid.
Defendants' motion argues that: (1) we should abstain from deciding the questions presented; and (2) the complaint fails to state a claim upon which relief can be granted. We will grant the motion in part. Specifically, we will abstain from adjudicating Count II and we will dismiss Count III because we lack jurisdiction over it under the eleventh amendment. We will, however, permit plaintiff to proceed on the merits of the antitrust claim in Count I.
We will begin our analysis with the eleventh amendment issue. While the defendants have not raised eleventh amendment immunity, we may do so sua sponte. See Kuchka v. Kile, 634 F.Supp. 502, 510 (M.D.Pa.1985); Yakelis v. Commonwealth of Pennsylvania, Pennsylvania State Police, 1989 WL 56382 (W.D.Pa.1989); Shipley v. First Federal Savings & Loan Ass'n, 619 F.Supp. 421, 434 (D.Del.1985); Gerrard v. United States Office of Education, 656 F.Supp. 570 (N.D.Cal.1987). See also Allegheny County Sanitary Authority v. EPA, 732 F.2d 1167, 1173 (3d Cir.1984) ("A federal court ... must examine each claim in a case to determine whether jurisdiction over that claim is barred by the Eleventh Amendment").
The eleventh amendment bars a suit against a state in federal court by either one of its own citizens or, as here, a citizen of another state. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).[1] This prohibition extends to claims under both state and federal law. As stated by the Supreme Court in Pennhurst: "The Amendment ... is a specific constitutional bar against hearing even federal claims that otherwise would be within the jurisdiction of the federal courts, Id. at 120, 104 S.Ct. at 918, 79 L.Ed.2d at 91 (emphasis in original). Further, the "bar applies to pendent [state] claims as well." Id., 104 S.Ct. at 918, 79 L.Ed.2d at 91. (brackets added). Moreover, the amendment cannot be avoided by suing state officials or seeking only prospective relief since the theories of Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), and Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), are not applicable "in a suit against State officials on the basis of state law." Pennhurst, 465 U.S. at 106, 104 S.Ct. at 911, 79 L.Ed.2d at 82; Allegheny County Sanitary Authority v. EPA, supra. Accordingly, a federal court is without power to order a state agency or state officials to conform their conduct to the requirements of state law. See Spidle v. Commonwealth of Pennsylvania, Office of the Budget, 660 F.Supp. 941 (M.D.Pa.1987). In fact, the Supreme Court has noted that "it is difficult to think of a greater intrusion *347 on state sovereignty ... Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." Pennhurst, 465 U.S. at 106, 104 S.Ct. at 911, 79 L.Ed.2d at 82.[2]
The relevance of these principles to Count III of the complaint is obvious. Count III can only be construed as a claim against the Board and its members for action taken in furtherance of official state duties. The Board has promulgated regulations dealing with the pricing of malt and brewed beverages. Plaintiff contends that these regulations are beyond the statutory authority conferred by the Pennsylvania General Assembly. On that basis plaintiff's complaint requests "an injunction against further enforcement of the Regulations and a declaration of their invalidity." We are without jurisdiction to entertain this state law claim or grant this relief. Accordingly, Count III must be dismissed.[3]
In reaching this conclusion we recognize that the eleventh amendment does not apply when state officials act ultra vires their authority. Pennhurst, 465 U.S. at 101 n. 11, 104 S.Ct. at 908 n. 11, 79 L.Ed.2d at 79 n. 11. (citations omitted). An official acts ultra vires, however, only when he acts "without any authority whatever." Id., 104 S.Ct. at 908 n. 11, 79 L.Ed.2d at 79 n. 11. (quoted case omitted). "[A] claim of error in the exercise of that power is ... not sufficient." Id., 104 S.Ct. at 908, n. 11, 79 L.Ed.2d at 79 n. 11 (quoted case omitted).
We have examined the statutory bases upon which plaintiff rests its contention that the Board acted without authority in promulgating the regulations. Those are 47 P.S. §§ 2-207(b), 4-431, 4-492 (Purdon Supp.1989-90). We have also reviewed other provisions of the Liquor Code. See 47 P.S. §§ 1-104(a), (c), 2-207(b), (h), (i). Without going into detail, we conclude that the Board was not acting ultra vires, as the Supreme Court interprets that term for eleventh amendment purposes, and thus the plaintiff's claim does not fall within the exception for ultra vires acts.
Defendants also urge us to abstain from deciding Counts I and II under the abstention doctrine set forth in Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Under Pullman, a federal court may abstain from deciding a federal constitutional claim to allow a state court to decide an uncertain issue of state law that would moot the constitutional issue or cast it in a materially different light. Thus, Pullman abstention will apply when the question of state law is (1) potentially dispositive of the constitutional issue and (2) unsettled or uncertain. Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 747 (3d Cir.1982). See also Schall v. Joyce, 885 F.2d 101 (3d Cir. 1989).
Clearly, the state law question is potentially dispositive of the constitutional issue. If the Liquor Control Board's promulgation of these regulations is inconsistent with state law, the regulations would be invalid and the commerce clause claim would be moot. As stated by the Court in Pullman: "If there was no warrant in state law for the Commission's assumption of authority, there is an end of the litigation; the constitutional issue does not arise." Pullman, 312 U.S. at 501, 61 S.Ct. at 645, 85 L.Ed. at 975.
Regarding the second factor, our research indicates that the question of the regulations' validity under state law is unsettled. We found no cases interpreting the regulations in question. Nor did we find cases specifically limiting the Board's *348 power to adopt regulations of the kind involved in this case. Based upon our analysis of the eleventh amendment ultra vires issue above, the situation is also not one where the interpretation of the state statute is plain. Compare Kennecott Corp. v. Smith, 637 F.2d 181 (3d Cir.1980). Thus, we are being "asked to decide an issue by making a tentative answer which may be displaced tomorrow by a state adjudication." Pullman, 312 U.S. at 500, 61 S.Ct. at 645, 85 L.Ed. at 974. Abstention is therefore appropriate in connection with the commerce clause claim. See also Pennsylvania Medical Society v. Marconis, 679 F.Supp. 452 (M.D.Pa.1987).
As noted, defendants have also argued that we should abstain under Pullman from deciding plaintiff's Sherman Act claim as well. The obvious difficulty with doing so is that Pullman dealt with avoiding the unnecessary adjudication of a constitutional issue. That is in line with the well established rule that a federal court will avoid deciding a constitutional issue if it can do so. See Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820, 825 n. 5 (9th Cir. 1963). Here, we would only be avoiding adjudication of a federal statutory claim. Moreover, as plaintiff points out, we have exclusive jurisdiction of that claim.
We believe the Third Circuit would not sanction abstention under these circumstances. Abstention "represents an extraordinary and narrow exception to the `virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" Kentucky West Virginia Gas Co. v. Pennsylvania Public Utility Comm'n, 791 F.2d 1111, 1114 (3d Cir.1986) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483, 498 (1976)). The instant case is analogous to Kern-Tulare Water District v. City of Bakersfield, 828 F.2d 514 (9th Cir.1987). In Kern-Tulare, the plaintiff Water District filed suit against the defendant City, asserting claims under sections one and two of the Sherman Act, breach of contract under state law, and a violation of the California Business and Professions Code. The District had contracted to purchase water from the City. The suit arose when the City, pursuant to a contract provision, refused to allow the District to resell water to another District. Underlying the entire controversy was, in the view of the court of appeals, an unsettled question of California water policy. The appellate court affirmed the district court's refusal to employ abstention under Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) in connection with the antitrust claims. The Ninth Circuit stated:
It is possible to characterize this case as one which presents this difficult question of state law: whether a restriction on transfer of surplus water violates the policy in favor of voluntary transfer and against waste. As the district court noted, however, resolution of this question is important only insofar as it determines the federal question of immunity, and not as it bears on policy problems so important that they transcend the result in this case. Every antitrust case which presents a question of Parker immunity[4] necessarily involves construction or application of some state law. Although we choose not to characterize California water law as "unambiguous," we do not confront an unsettled question of state law such as in Louisiana Power & Light v. Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959)....
Id. at 517 (footnote added).
The Ninth Circuit further stated:
[T]he mere involvement of an area of state law which is the subject of detailed regulation does not make abstention appropriate.... Our adjudication might possibly create conflict with state law; but the mere potential for conflict, without more, does not warrant abstention either. See Colorado River Water, 424 U.S. at 815-16, 96 S.Ct. at 1245; Turf Paradise [, Inc. v. Arizona Downs], 670 F.2d [813] at 820 [(9th Cir.1982)]. The question instead is whether such potential conflict would impermissibly impair California's efforts to establish policy regarding *349 the regulation of water and water rights. We answer in the negative. We are called upon to adjudicate the District's federal antitrust claims. The only potential impact on the state arising from federal adjudication of those claims is the limitation of the District to the state courts if it wishes to pursue those claims which are not precluded by state action immunity. That result does not affect in the slightest California's ability to take acts necessary to regulate water and water rights, including measures aimed at precluding waste and unreasonable use. The district court thus correctly concluded the Burford abstention was inappropriate.
Id. at 517-18 (brackets added).
The court further distinguished Colorado River by noting that judicial resources would not be wasted because the district court had exclusive jurisdiction of the antitrust claims.
The approach taken by the Ninth Circuit in Kern-Tulare is in general accord with the Third Circuit attitude toward abstention when interpretation of a federal statute is bound up with an uncertain question of state law. See United Services Automobile Ass'n v. Muir, 792 F.2d 356, 363 (3d Cir.1986) ("where a case involves a nonconstitutional federal issue, the necessity for deciding which depends on the decision of an underlying state law, the federal courts, when necessary, decide both issues."). Thus, although Kern-Tulare dealt with Burford abstention, we think it counsels us to proceed with the adjudication of plaintiff's antitrust claim.[5] As in Kern-Tulare, our jurisdiction is exclusive. Additionally, we do not view any interpretation we may place upon the Liquor Code in the course of a decision on the merits of the federal claim as being disruptive of an important state policy. Most importantly, at this stage of these proceedings we cannot say that we will ever be in direct conflict with the state over an interpretation of state law. It seems likely that, just as in Kern-Tulare, we will be deciding a threshold issue of Parker immunity in the antitrust claim. That issue will not involve a direct interpretation of state law. See Vartan v. Harristown Development Corp., 655 F.Supp. 430 (M.D.Pa.1987) (no inquiry into legality of defendants' actions under state law necessary to a determination of Parker immunity).
Kern-Tulare is arguably distinguishable because it does not, as here, also involve a constitutional challenge. But in United Services Automobile Ass'n, supra, the Third Circuit determined that if a claim was separable, it had to be analyzed separately for abstention purposes. 792 F.2d at 364. We think that conclusion applies here.
We will issue an appropriate order.

ORDER
AND NOW, this 6th day of November, 1989, upon consideration of defendant's motion to dismiss, it is ordered that:
1. The state law claim in Count III of the complaint is hereby dismissed for lack of jurisdiction.
2. Adjudication of the commerce clause claim in Count II of the complaint is stayed, and no answer thereto is necessary, pending state court determination of the underlying state law issue concerning the authority of the Liquor Control Board to promulgate the regulations at issue.
3. The motion to dismiss is denied as to the Sherman Act claim in Count I of the complaint.

*350 4. The defendant, Pennsylvania State Police, is hereby dismissed from this action.
NOTES
[1] The eleventh amendment provides, "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign State." U.S. Const. amend. XI.
[2] We note that Pennsylvania has specifically retained its eleventh amendment immunity. See 42 Pa.C.S. § 8521(b).
[3] Since the amendment bars any action in federal court against a state, even one based upon federal law, it would seem that the Pennsylvania Liquor Control Board and the Pennsylvania State Police, as state agencies, should be dismissed from this action. We will do so sua sponte for the State Police. See Rode v. Dellarciprete, 617 F.Supp. 721 (M.D.Pa.1985). Although there is authority for doing the same for the Board, see Ramos v. Commonwealth Liquor Control Board, 1986 WL 14553 (E.D.Pa.1986); Savage v. Pennsylvania, 475 F.Supp. 524 (E.D. Pa.1979), we prefer that the parties either work this out themselves or that a motion be filed arguing the issue directly.
[4] Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943).
[5] In any event, we are not entirely convinced that defendants are not in substance depending upon Burford despite their stated reliance solely upon Pullman. In their brief in support of their motion to dismiss at page five defendants argue that "the interest of federal and state comity" requires abstention. In their reply brief at pps. 1-2 they are more expansive, arguing that:

There is no real question that an erroneous decision on this issue by a federal court would be disruptive of important state policies. This action is not a private dispute between the Commonwealth and one of its employees  of no real consequence to anyone else. This is a confrontation over regulatory policy which will have a major impact on the Commonwealth.
This is a concern typically dealt with under Burford. See Kentucky West Virginia Gas Co., supra.