EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff-
Appellant,

v.

STANDARD FORGE AND AXLE COM-
PANY, INC., Defendant-Appellee.

No. 73-3580.

United States Court of Appeals,
Fifth Circuit.

July 15, 1974.

William A. Carey, Gen. Counsel, Charles F. Wilson, Associate Gen. Counsel, E. E. O. C., Washington, D. C., Roger J. Martinson, Acting Reg. Atty., E. E. O. C., Earl Harper, Jr., W. L. Williams, Jr., Attys., Atlanta, Ga., Charles L. Reischel, Richard A. Gladstone, E. E. O. C., Washington, D. C., for plaintiff-appellant.

William W. Alexander, Jr., C. Lash Harrison, Atlanta, Ga., M. Roland Nachman, Jr., Montgomery, Ala., for defendant-appellee.

Before DYER and MORGAN, Circuit Judges, and KRAFT, District Judge.

DYER, Circuit Judge:

We are called upon to untangle what should have been a relatively simple pleading problem. The district court

dismissed this action because the Equal Employment Opportunity Commission declined to comply with the court's order requiring it to allege in detail that the Commission had fulfilled each of the administrative steps established by section 706 of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.A. § 2000e–5. Finding that a general averment in the complaint that all conditions precedent had been satisfied was sufficient for pleading purposes, we reverse.

The EEOC brought this action against Standard Forge on a charge that the company had engaged in discriminatory employment practices. After the invocation of jurisdiction under the appropriate statutes,[1] the complaint alleged that the action was expressly authorized by section 706(f).[2] In the Commission's view, only the provisions of section 706(f) could be considered conditions precedent, hence its complaint contained the following allegations:

> Charges have been filed with the Equal Employment Opportunity Commission, by a former Commissioner (Alexander) and by a person claiming to be aggrieved, more than thirty (30) days prior to the institution of this suit alleging a violation of Title VII by Standard Forge.

> All conditions precedent to the institution of this lawsuit have been fulfilled.

Disagreeing with the EEOC's position that the only conditions precedent were those embodied in section 706(f), Standard Forge moved that the Commission "be required to state completely and exactly compliance with each statutory jurisdictional requirement—timely charge, notice, investigation, reasonable cause determination, conciliation and timeliness of suit." This motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure was based on the company's assertion that Rule 8(a)(1) requires a factual allegation of all the "jurisdictional prerequisites" of section 706, including those specified in section 706(b).[3] The district court granted the motion for a more definite statement.

Although the Commission maintained that section 706(b) merely delineated the administrative process to be followed by the EEOC prior to the commencement of a civil action, it attempted to comply with the district court's order by substituting the following allegation for the general averment that all conditions precedent had been fulfilled:

> The Commission, after investigating and finding reasonable cause to believe the truth of the charges, has been unable, through informal methods of conference, conciliation and persuasion, to eliminate the unlawful practices or to secure a conciliation agreement acceptable to it.

The district court, however, was unsatisfied with the amended pleading. It seemed to frown upon "conclusory allegations of matters such as jurisdictional conditions precedent," and concluded

---

1. 28 U.S.C.A. §§ 451, 1343 and 1345.

2. This section provides in pertinent part: "If within thirty days after a charge is filed with the Commission . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent. . . ."

3. The pertinent part of that subsection provides:
> Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleg-

ing that an employer . . . has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer . . . within ten days, and shall make an investigation thereof. * * * If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.

that the EEOC's failure to state "what facts constitute the conditions precedent" made the complaint vague and ambiguous and thus subject to a motion for a more definite statement. The court ordered the Commission to provide the following information which would reveal whether the provisions of section 706(b) had been met:

In regard to the individual charge (a) the date of the alleged unlawful employment practice and the date the charge was filed; (b) that the charge was properly sworn; (c) that proper notice was issued to Standard Forge & Axle Company, Inc., and the date of said notice; (d) that an adequate investigation was made, the name of said investigator, and the dates the said investigation started and ended; (e) that a legitimate reasonable cause determination was made and a brief statement of the evidence alleged to constitute reasonable cause; (f) that a conciliation took place between the parties, specifying the name of the conciliator(s), the date or dates of conciliation and that the Plaintiff made a good faith reasonable effort; and (g) the date the charge was filed and the date the suit was filed.

In regard to the Commissioner's charge (a) the basis of the Commissioner's reasonable cause to believe the Defendant was in violation of the applicable act and the facts upon which the charge was premised; (b) the date the charge was filed and the bases for alleging the alleged offense to be continuing; (c) that proper notice was issued to Defendant and the date of said issuance; (d) that a proper investigation was made, the name of said investigator, the place and the manner of the investigation, and the dates the said investigation started and ended; (e) that a legitimate reasonable cause determination was made and the date and basis of the determination; (f) that a conciliation took place between the parties, specifying the name of the concili-

ator(s), the date or dates of conciliation and that the Plaintiff made a good faith reasonable effort; and (g) the date the charge was filed and the date the suit was filed.

The EEOC declined to comply with the district court's order, and as a consequence the suit was dismissed with prejudice pursuant to Rule 41(b).

In this appeal the Commission asserts first that the lower court erred since its order implicitly assumed that each of the steps in section 706 was a condition precedent to bringing suit. Second, the Commission contends that the court improperly inquired into matters over which the judiciary has no power of review, for example, whether the EEOC made a "good faith reasonable effort" at conciliation. Finally the Commission argues that regardless of whether compliance with each step specified in section 706(b) is a condition precedent, the district court erred in employing Rule 12(e) to require a highly detailed allegation of satisfaction of the conditions precedent.

■■ We easily dispose of the Commission's first argument since the district court explicitly disclaimed any attempt at resolving the question of whether any or all of the procedures set out in section 706 are conditions precedent. We decline to reach the merits of an issue on which the district court has not ruled. *See, e. g.,* Hormel v. Helvering, 1941, 312 U.S. 552, 61 S. Ct. 719, 85 L.Ed. 1037.

Similarly, we are unwilling to address the merits of the Commission's contention that the lower court exceeded the scope of permissible judicial review by inquiring into matters which are solely within the administrative discretion of the EEOC. Determination of this issue is pretermitted by our conclusion that the court abused its discretion by granting the motion for a more definite statement and by formulating highly detailed inquiries which were inappropriate at that stage of the action.

No challenge is made to the district court's having subject matter jurisdiction over this controversy. The complaint specified the statutes which conferred jurisdiction on the court, and the factual allegations are not attacked as being immaterial or insubstantial. Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939. While Standard Forge does not contest the district court's subject matter jurisdiction, it argues that the EEOC cannot invoke the court's jurisdiction until it has factually alleged compliance with each provision of section 706. We disagree.

■■ What may or may not be conditions precedent to the Commission's right to seek judicial redress of a Title VII grievance, *cf.* Sanchez v. Standard Brands, Inc., 5 Cir. 1970, 431 F.2d 455; Miller v. International Paper Co., 5 Cir. 1969, 408 F.2d 283; Dent v. St. Louis-San Francisco Railway Co., 5 Cir. 1969, 406 F.2d 399, cert. denied, 1971, 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689, must be determined by the district court after the issue is properly presented under the rules of pleading. Rule 9(c) delimits the requirements of specificity concerning conditions precedent: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Should a defendant desire to join issue on the existence or satisfaction of conditions precedent, his burden is clearly specified by the second sentence of the same rule: "A denial of performance or occurrence shall be made specifically and with particularity."

In the case now before us, the original complaint fully complied with the requirements of Rule 9(c). Standard Forge was not entitled to further information in framing its response to the EEOC's complaint, and the motion for a more definite statement should have been denied. The district court erred in dismissing the complaint.

Reversed and remanded.