**Dorothy S. THOMAS, Plaintiff-Appellee Cross Appellant,**

**v.**

**J. C. PENNEY COMPANY, INC., Defendant-Appellant Cross Appellee.**

No. 75-1553.

United States Court of Appeals, Fifth Circuit.

May 7, 1976.

John E. McFall, New Orleans, La., Douglas S. Wolsieffer, Dallas, Tex., for appellant.

Frank A. Adams, Beaumont, Tex., for appellee.

Before DYER, CLARK and GEE, Circuit Judges.

DYER, Circuit Judge:

In this employment discrimination suit the district court concluded that Thomas, an employee of Penney, had not been the victim of racial discrimination but nevertheless awarded her costs and attorneys fees. Penney appeals the award of costs and attorneys fees and affirmatively seeks an award of attorney fees. Thomas cross-appeals the

---

adverse district court judgment. We reverse the award of costs and fees to Thomas, affirm the cross-appeal, and remand the question of Penney's entitlement to attorneys fees.

Thomas brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* and 42 U.S.C.A. § 1981, alleging that Penney discharged her because of her race and otherwise discriminated against her in regard to the terms, conditions and privileges of her employment.

The district court found evidence of discrimination against Thomas "as a person, but not necessarily because of her race." The district court further found that

Mrs. Thomas was over sensitive, over aggressive in demanding what she considered to be her rights and thus demonstrated an attitude not conducive to harmony. Considering all of the evidence in the positive most favorable to the Plaintiff, the Court cannot find from a preponderance of the evidence intentional discriminatory acts by Defendant as alleged and set forth by Plaintiff in her complaint.

However, the district court also found that "the evidence was sufficient to justify the Plaintiff in pursuing her cause of action," and, therefore, awarded Thomas costs and attorneys fees. This award brings Penney before us.

■■■ Under Title VII, Thomas is entitled to attorneys fees only if she is the prevailing party, 42 U.S.C.A. § 2000e–5(k), whether or not the evidence justified prosecution of the action. With the failure to prove discrimination, the award of attorneys fees falls. *Hester v. Southern Railway Co.,* 5 Cir. 1974, 497 F.2d 1374, 1382.[1]

Similarly, the award of costs to Thomas may not stand. F.R.Civ.P. 54(d) does not give the district court the power to award costs to the nonprevailing party,

but only gives that court discretion to order that each party bear part or all of its own costs.

*Three-Seventy Leasing Corp. v. Ampex Corp.,* 5 Cir. 1976, 528 F.2d 993, 999 (1976). The district court abused its discretion in awarding costs to Thomas.

■■■ The final issue on the main appeal is Penney's contention that it is entitled to attorneys fees. The district court pretermitted consideration of this question since it awarded fees to Thomas. We decline to decide this issue in the first instance. *Equal Employment Opportunity Commission v. Standard Forge & Axle Co.,* 5 Cir. 1974, 496 F.2d 1392, 1394. Without expressing any opinion on the merits of the contention, we leave it to the district court to consider it on remand.

The basis of the cross-appeal is the district court's conclusion of law # 5 which reads:

The Court does find some evidence of discrimination based on race but not sufficient for the Court to find from a preponderance of the evidence a conscious policy of racial discrimination.

Thomas argues that this conclusion is sufficient to warrant affirmative relief or, in the alternative, that the district court adopted too exacting a standard of proof of racial discrimination.

While the district court inartfully drafted conclusion of law # 5, the findings of fact very clearly show that the district court did not find any discrimination on the basis of race. Indeed, conclusion of law # 7 states that "The evidence indicates that there was no illegal discrimination with respect to Mrs. Thomas' employment termination or her compensation, terms, conditions, or privileges of employment."

■■■ Furthermore, Thomas does not challenge the district court's findings of fact as

---

1. Congress has not statutorily changed the general rule that each party bears its attorneys fees under § 1981. *Sabala v. Western Gilette Inc.,* 5 Cir. 1975, 516 F.2d 1251, 1268. Absent a favorable judgment, the exceptions to the general rule are not available. *F D Rich Co. v. Industrial Lumber,* 1974, 417 U.S. 116, 129–30, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703, 713–14, see also *Alyeska Pipeline Co. v. Wilderness Society,* 1975, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141.

clearly erroneous. At oral argument, her counsel conceded that the findings are not clearly erroneous, but challenged the burden put upon Thomas to show intentional racial discrimination. In an individual discharge suit such as this, Thomas cannot prevail without proving either directly or indirectly that she was the victim of some racial discrimination directed at her. Thomas directs us to *Rowe v. General Motors Corp.*, 5 Cir. 1972, 457 F.2d 348 for the contrary proposition. But *Rowe* involved a class action with proof of employment practices neutral on their face the effect of which was to discriminate on the basis of race even though the employer had no intent to discriminate. Thomas made no such challenge or showing here. The standard adopted by the district court was correct and we find no error in its application.

The cross-appeal is affirmed. The award of attorneys fees and costs to Thomas is reversed, and the case is remanded for proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.