**CITRO FLORIDA, INC., a Florida corporation, Plaintiff-Appellant,**

v.

**CITROVALE, S.A., a foreign corporation, Defendant-Appellee.**

No. 84-3591.

United States Court of Appeals, Eleventh Circuit.

May 21, 1985.

Fay, Circuit Judge, dissented and filed opinion.

Christy F. Harris, William M. Midvette, III, Lakeland, Fla., for plaintiff-appellant.

J. Philip Plyler, Tampa, Fla., Jerry Anker, Washington, D.C., for defendant-appellee.

Before FAY and JOHNSON, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

Citro Florida, Inc., a Florida corporation, appeals the district court's refusal to exercise jurisdiction over its breach of contract action against Citrovale, S.A., a Brazilian corporation, for failure to ship for Citro Florida's account 1,000 metric tons of Brazilian frozen concentrated orange juice. In its motion to dismiss, Citrovale challenged the court's personal jurisdiction over it under the minimum contacts requirement imposed by the Due Process Clause of the United States Constitution, and under Florida's long arm statute, section 48.193, Fla. Stat. (1983). In addition, Citrovale argued that the existence of a forum selection clause mandated that the action be brought in Sao Paulo, Brazil. The district court pretermitted the jurisdictional issue because it found the clause to be a mandatory forum selection clause dispositive of the action. We disagree with the court's construction of the clause as mandatory and reverse.

Citrovale is a Brazilian corporation engaged in the business of processing citrus products, including frozen concentrated orange juice, which it exports to the United States and Europe. Citro Florida and Citrovale entered into a series of telexes concerning the purchase and shipment of the concentrate, none of which contained any jurisdictional terms. After confirming the acceptance of Citro Florida's purchase order, Citrovale sent a confirming contract for Citro Florida's execution which contained the following language:

> This constitutes an executory contract between the exporter and the above-indicated buyer. Place of jurisdiction is Sao Paulo/Brazil.

Citro Florida's president signed the confirming contract without further negotiation or discussion.

Although the forum selection clause was properly determined by the district court to be an enforceable agreement, the clause does not clearly specify that Sao Paulo is

the *only* place of jurisdiction. The district court accepted Citrovale's argument that under the United States Supreme Court's decision in *M/S Bremen v. Zapata Off-Shore Company,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972), forum selection clauses should be enforced unless it is clearly shown that enforcement would be unreasonable or unjust, or that the clause is invalid for such reasons as fraud or overreaching. The *Bremen* court, however, was faced with a much more specific clause. There the contract provided that any dispute "must be treated before the London Court of Justice." *Id.* at 3, 92 S.Ct. at 1909. Unlike the present case, the language contained in the *Bremen* forum clause was not subject to two interpretations. The *Bremen* court did not reach the distinctions between mere "consent to jurisdiction" clauses and "mandatory" clauses.

The forum selection clause in this case is ambiguous concerning the exclusive nature of the provision. The clause merely states "place of jurisdiction is Sao Paulo/Brazil." Under the rule established by the Fifth Circuit in *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955 (5th Cir.1974) and *Zapata Marine Service v. O/Y Finnlines, Ltd.,* 571 F.2d 208 (5th Cir.1978), "when a contract provision is subject to opposing, yet reasonable interpretation, an interpretation is preferred which operates more strongly against the party from whom the words proceeded." 571 F.2d at 209. As the drafter of the ambiguous provision, the clause must be construed against Citrovale and in favor of Citro Florida as a non-exclusive consent to jurisdiction.

The district court did not reach or decide Citrovale's challenge of the district court's jurisdiction over it. We, therefore, "decline to reach the merits of an issue on which the district court has not ruled. *See, e.g., Hormel v. Helvering,* 1941, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037," *Equal Employment Opportunity Commission v. Standard Forge & Axle Co., Inc.,* 496 F.2d 1392, 1394 (5th Cir.1974), *cert. den.* 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 801 (1975); *Thomas v. J.C. Penney Co., Inc.,*

531 F.2d 270 (5th Cir.1976); *Baker v. Bell,* 630 F.2d 1046 (5th Cir.1980)..

REVERSED.

FAY, Circuit Judge, dissenting:

Most respectfully, I disagree that the clause before us is subject to two interpretations or is ambiguous. The contract provision reads, *"Place* of jurisdiction *is* Sao Paulo/Brazil." (emphasis added) Place is singular. Is is singular. Neither words are subject to interpretation as one of several or many. I would affirm the dismissal.