COX, Circuit Judge,
concurring in part and dissenting in part:
I dissent from Part II-B-3 of the majority’s opinion which reverses the district court because it concludes that the decision of whether to inform Ochran of available remedies against victim and witness intimidation and harassment does not involve considerations of public policy and is therefore not protected by the discretionary function exception. Because I agree with the majority that AUSA Daltuva’s decisions on how to protect Ochran, including whether to notify the U.S. Marshals Service of the threat, do fall within the discretionary function exception, I join the remainder of the court’s opinion.
The court’s reversal of the district court focuses on one sentence of Article III, Sec *507 tion 3(d)(2) of the Attorney General Guidelines for Victim and Witness Assistance (“Guidelines”) which requires the responsible official to routinely make available to victims and witnesses information regarding the prohibition against intimidation and harassment and the remedies therefor. The court concludes that Daltuva’s alleged failure to provide Ochran with such information is not protected by the discretionary function exception because it is not the type of policy decision the FTCA was designed to protect.
While I disagree with the court’s conclusion that the discretionary function exception does not bar this claim, I would not address the issue because this claim (except for one of its components, which I will discuss later) appears nowhere in the record. Ochran’s administrative complaint filed with the Department of Justice, (R.l-43 at Tab G.), and her complaint in the district court, (R.l-1.), do not assert that Daltuva failed to inform her that victim and witness harassment is prohibited and that remedies are available. Moreover, the Government’s brief in support of its motion to dismiss, (R.l-45.), and Oehran’s memorandum in opposition to the Government’s motion to dismiss, (R.2-49.), do not even mention Section D(2) of the Guidelines or a claim for “failure to inform.” This court reviews rulings of the district court; it does not address “ever-changing theories parties fashion during the appellate process.” Wakefield v. Church of Scientology of California, 938 F.2d 1226, 1229 n.1 (11th Cir.1991). Our decisions hold that we have discretion under some circumstances to consider a legal issue raised for the first time on appeal. See, e.g., Dean Witter Reynolds, Inc. v. Fernandez, 741 F.2d 355, 360-61 (11th Cir.1984). But I am aware of no decision, and the majority cites no decision, that supports the notion that we have the discretion to address a claim advanced for the first time on appeal, as this claim surely is. Thus I would not entertain this broad “failure to inform” claim.
One component of this claim, however, does appear in the record. After the motion to dismiss was briefed and ripe for decision, the parties prepared and filed a Joint Pretrial Statement pursuant to the Middle District of Florida’s Local Rule 3.06. This statement says that the alleged negligence of the United States included “failing to advise that a protective order was available.” (R.2-55 at 3.) Although no pretrial order was filed, Local Rule 3.06 suggests that the mere filing of a Joint Pretrial Statement worked an amendment of the pleadings. See M.D.Fla.R. 3.06(e) (“All pleadings filed by any party prior to filing of the pretrial stipulation shall be deemed to be merged therein....”) Ochran later filed a motion for leave to amend her complaint in part to add this new claim. (R.2-58.) This motion was not addressed by the district court.
In short, the district court only had before it on motion to dismiss a claim that the United States failed to protect Ochran from Restaino. This is the only claim briefed in the district court, and this is the only claim the district court considered in its order. (See R.2-85.) If the claim for “failing to advise that a protective order was available,” which appeared in the late stages of this litigation, was properly raised by the Joint Pretrial Statement(and I assume that it was), we should remand to allow the district court to consider the claim in the first instance. See Baker v. Bell, 630 F.2d 1046, 1055 (5th Cir.1980) (“Generally this court will not reach the merits of an issue not considered by the district court.”); Citro Florida, Inc. v. Citrovale, S.A., 760 F.2d 1231, 1232 (11th Cir.1985) (‘We, therefore, ‘decline to reach the merits of an issue on which the district court has not ruled.’ ”) (citation omitted) (quoting EEOC v. Standard Forge & Axle Co., 496 F.2d 1392, 1394 (5th Cir.1974)). While we have the discretion to address the legal issue presented by this claim, it seems inappropriate to do so. In reversing the district court, the court notes that it cannot discern from the record any policy considerations that might influence the judgment of when to give a victim or witness information of the kind in question. That is not surprising given the fact that no such claim had been advanced at the time the motion to dismiss was briefed and submitted in the district court.