**Stephen F. BECKLEY and Beckley Imports, Inc. (d/b/a Beckley Automotive Services), Plaintiffs,**

v.

**AUTO PROFIT MASTERS, L.L.C., Terry Keller, and David Rogers Defendants.**

No. 4:03–CV–90196.

United States District Court,
S.D. Iowa,
Central Division.

June 3, 2003.

William W Graham, Des Moines, IA, for Plaintiffs.

Terri L Combs, Chad R Anderson, Angela J Morales, Faegre & Benson, Des Moines, IA, for Defendants.

## ORDER

PRATT, District Judge.

Plaintiffs Stephen F. Beckley and Beckley Imports, Inc. (together, ("Beckley")) commenced this action against Defendants Auto Profit Masters, L.L.C. ("APM"), Terry Keller, and David Rogers (collectively, "Defendants") in the Iowa District Court for Polk County on February 20, 2003 alleging violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961 *et seq.* ("RICO") and Section 706A of the Iowa Code, as well as various common law claims sounding in fraud, contract, and tort. Defendants timely removed the action to this Court pursuant to 28 U.S.C. § 1441(a) and (b). Now before the Court is Defendants' Motion to Dismiss for Improper Venue pursuant to Fed.R.Civ.P. 12(b)(3), or in the alternative, for Transfer pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, Defendants' Motion is denied.

## I. BACKGROUND

The claims at issue in this action concern a written consulting agreement entered into between Plaintiffs and Defendant APM on March 8, 2002 under which APM was to provide certain services to Plaintiffs (the "Agreement"). Plaintiffs allege that they were fraudulently induced to enter into the Agreement as part of a conspiracy by Defendants to take control of Plaintiffs' business, and also that APM is in breach of the Agreement. Defendants motion here centers on the paragraph of the Agreement entitled "Governing Law," which Defendants maintain is both a choice of law and forum selection clause that renders venue in the Southern District of Iowa improper. It states:

"This agreement shall be interpreted and bound by the laws and jurisdiction of the State of Colorado and the district of the City of Denver. In the event of litigation to interpret or enforce the provisions of this contract, the prevailing party shall be entitled to reasonable attorney fees and costs as determined by the court." (Defendant's Motion, Ex. A).

Plaintiffs argue that this clause is solely a choice of law provision and that, if it is in fact a forum selection clause, it does not apply to six of the seven claims raised in the Complaint. Plaintiffs therefore urge that, as venue is proper as to the other claims, the Court should exercise its discretion to retain jurisdiction over the remaining claim for breach of contract as well. Plaintiffs also argue that Defendants' alternative request for transfer under 28 U.S.C. § 1404(a) should be denied, as the factors pertinent to such a motion weigh heavily in favor of venue in Iowa.

## II. DISCUSSION

### A. Motion to Dismiss Under Rule 12(b)(3)

■ The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss an action where venue in that court is improper. Fed.R.Civ.P. 12(b)(3). Once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue. *See Cohen v. Newsweek, Inc.,* 312 F.2d 76, 78 (8th Cir.1963) (district court properly held that plaintiff-appellant had the burden of establishing venue); 15 Charles Alan Wright et al., Federal Prac-

tice and Procedure § 3826 (2d ed. 1986) ("There are cases holding that the burden is on the objecting defendant to establish that venue is improper. But 'the better view,' and the clear weight of authority, is that, when objection has been raised, the burden is on the plaintiff to establish that the district he chose is a proper venue."). The Court finds Plaintiffs have met their burden here.

#### 1. *Venue Proper under 28 U.S.C. § 1391*

As jurisdiction in this case is not founded solely on diversity of citizenship, the venue provisions of 28 U.S.C. § 1391(b) govern. Under this section, a case may be brought in the district where any defendant resides, the district where the claim arose, or the district where any defendant may be found. 28 U.S.C. § 1391(b). Since Plaintiffs have alleged that a substantial part of the events or omissions giving rise to these claims occurred in this district, venue here is proper under 28 U.S.C. § 1391. However, Defendants argue on this motion that Plaintiffs, as party to the Agreement, are contractually obligated to bring suit in Colorado. Absent such an obligation, Defendants' challenge to venue here must fail.

#### 2. *Enforceability of the Forum Selection Clause*

■ The first issue the Court must resolve on this Motion is whether the "Governing Law" clause is indeed a forum selection clause.[1] Plaintiffs argues that the "Governing Law" clause is simply that—a choice of law provision—and does not rep-

---

1. Although the Eighth Circuit has not yet determined whether the interpretation of a forum selection clause is a procedural question to be decided under federal law, the parties do not raise this issue and the Court is not aware of any Iowa law of contract interpreta-

tion that would dictate a result contrary to the one reached here. *See M & B Restaurants, Inc. v. CKE Restaurants, Inc.,* 183 F.3d 750, 752 & n. 4 (8th Cir.1999) (finding no need to resolve the question).

resent a consent of the parties to litigate in a designated forum. Plaintiffs read the reference to "jurisdiction" to stipulate only that the law governing the Agreement is the law of Colorado *as applied* "in the State of Colorado and the district of the City of Denver." Although the "Governing Law" clause is hardly a model of drafting, the Court finds Plaintiffs' reading unpersuasive. The more plausible interpretation is that the conjunctive reference to "law and jurisdiction" reflects intent that the provision would specify both jurisdiction and choice of law. Thus, the Court concludes the "Governing Law" provision is a forum selection clause.

■ In general a forum selection clause is enforceable unless it is found to be invalid or its enforcement would be unjust or unreasonable. *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Marano Enters. of Kan. v. Z–Teca Rests., L.P.,* 254 F.3d 753, 757 (8th Cir.2001) (noting that general allegations of fraudulent inducement were insufficient to render the forum-selection clause unenforceable unless the clause was itself the product of fraud or coercion). Plaintiff does not contest these principles or challenge the general validity of the instant clause. However, the mere existence of a valid forum selection clause is not the end of the matter.

Although the Eighth Circuit has not spoken to the question, other circuits have distinguished "mandatory" forum selection clauses, which state that "jurisdiction is appropriate only in the designated forum," from "permissive" ones, which "authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW"),* 314 F.3d 494, 498 (10th Cir.2002) (citation omitted). As *M/S Bremen* involved a

mandatory clause, the Supreme Court there was not called upon to consider a distinction between mandatory and permissive clauses. *See id.; Citro Florida, Inc. v. Citrovale, S.A.,* 760 F.2d 1231, 1232 (11th Cir.1985). In *K & v v. BMW,* the Tenth Circuit reviewed caselaw from those circuits that have considered the issue and found clear consensus that

> "where venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive."

*Id.* at 499 (quoting *Paper Express, Ltd. v. Pfankuch Maschinen GmbH,* 972 F.2d 753, 757 (7th Cir.1992) and citing precedent in accord from the Second, Fifth, and Ninth Circuits).

■ The Governing Law provision here makes no reference to venue and does not state that the parties must litigate "only" or "exclusively" in Denver, Colorado. Absent any language either within the clause or elsewhere in the Agreement that the parties intended venue to be exclusive, the Court believes the clause is permissive rather than mandatory. Furthermore, any ambiguity as to the mandatory or permissive nature of the forum selection clause should be construed against Defendants, as its drafters, and should not be permitted to defeat Plaintiff's choice of a forum. *See Terra Int'l Inc. v. Mississippi Chemical Corp.,* 119 F.3d 688, 695 (8th Cir.1997) ("[i]n general, federal courts give considerable deference to a plaintiff's choice of forum").

3. *Scope of the Forum Selection Clause*

■ Even were the Court to find the forum selection clause mandatory, it would at best render venue improper only as to

Plaintiffs' claim for breach of contract.[2] In *Terra Int'l Inc.*, the Eighth Circuit reviewed three tests adopted by the federal courts to determine the scope of contractual forum selection clauses: 1) whether the tort claims "ultimately depend on the existence of a contractual relationship between the parties;" 2) whether resolution of the claims "relates to interpretation of the contract;" and 3) whether the claims "involve the same operative facts as a parallel claim for breach of contract." *Terra Int'l Inc.*, 119 F.3d at 694–95 (quoting, respectively, *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3rd Cir.), cert. denied, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983); *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir.1988); and *Lambert v. Kysar*, 983 F.2d 1110, 1121–22 (1st Cir.1993)).

Defendants argue that each of Plaintiffs' claims "relate to" or "arise from" circumstances surrounding the formation and performance of the Agreement. The tests reviewed in *Terra* do not sweep so broadly. The Ninth Circuit test does not apply here, since none of the non-contract claims raised here require interpretation of the contract.[3] The First Circuit test is not clearly applicable either. Only Plaintiffs' claim for rescission could be viewed to involve the same facts as a claim for breach of contract, but since that claim appears to be based broadly on all the allegations of the Complaint, it is not as obviously parallel to a breach of contract claim as the tort claims at issue in *Terra*. The Third Circuit test—whether the claims "depend on the existence of a contractual relationship"—is the most helpful to Defendants here, yet even that test applies, at most, to only Plaintiffs' claim for rescission. Fraudulent inducement is actionable independent of the contract itself, and none of the other claims implicate the contract at all. *See Marvin Lumber & Cedar Co. v. PPG Industries*, 223 F.3d 873, 885 (8th Cir.2000) ("fraud in the inducement, necessarily prior to the contract, is independent of the contract"). Moreover, the Court does not believe the clause at issue should be read to apply to the rescission claim, even though that claim requires the existence of a contract. Unlike the broad language of the forum selection clause at issue in *Tilghman*, the Governing Law clause here refers only to the "jurisdiction" by which "the agreement ... is bound" and does not purport to apply to all claims between the parties or even all claims pertaining to the Agreement. Given the ambiguous scope of the clause, the Court is loathe to give it the broad construction Defendants urge. Thus, under any of these tests, the remaining six claims for statutory and common law fraud, conspiracy, intentional infliction of emotional distress, and rescission based on fraud are beyond the scope of the forum selection clause.

**2.** Venue must be established as to each cause of action in the complaint. *See Beattie v. United States*, 756 F.2d 91, 100 (D.C.Cir. 1984). However, even if venue were found improper as to the contract claim, the Court would proceed to consider Plaintiff's argument that it should exercise "pendent venue" over that claim. *See* 17–110 Moore's Fed. Practice: Civil § 110.05 (2003) (discussing factors affecting the exercise of pendent venue and noting the rule established by *Hurn v. Oursler*, 289 U.S. 238, 245–46, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), that factually interrelated claims are considered a single cause of action). The Court need not reach this question here.

**3.** A claim for fraudulent misrepresentation could, in some cases, "relate to" interpretation of the contract, but the parties here agree that this claim concerns fraudulent inducement in the formation of the Agreement. (Complaint at ¶¶ 6–7, 15; Defendants' Reply at 2). This claim is based on representations beyond the Agreement itself and does not depend on its interpretation.

As the Court finds that venue in this district is proper under 28 U.S.C. § 1391 as to all claims in this action and the forum selection clause does not render venue on the contract claim mandatory in Denver, Colorado, Defendants' Motion to Dismiss is denied.

### B. Alternative Motion to Transfer

Defendants argue that should the Court find venue proper, it should nonetheless transfer this action to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a), which permit a court to transfer an action "for the convenience of parties and witnesses to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

 The party seeking transfer bears the burden of proving that transfer is warranted, and in light of the deference given to a plaintiff's choice of forum, there is a strong presumption in favor of the non-moving party. *See Terra Int'l, Inc.,* 119 F.3d at 695; *Radisson Hotels, Int'l. v. Westin Hotel Co.,* 931 F.Supp. 638, 641 (D.Minn.1996). In determining whether to transfer under Section 1404(a), courts consider three factors: 1) the convenience of the parties; 2) the convenience of witnesses; and 3) the interests of justice. *Terra Int'l, Inc.,* 119 F.3d at 691. These factors are not exclusive, and a motion to transfer requires the court to undertake an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (citation omitted).

 The primary basis offered by Defendants in support of their motion for transfer is that Colorado law governs interpretation of the Agreement and Defendants reasonably believed the Governing Law clause required lawsuits relating to the Agreement to be brought in Colorado. The disputed Governing Law clause is insufficient to sustain Defendants' burden on this motion. Defendants also argue that transfer is proper as they reside in Colorado. While Colorado is a more convenient forum for Defendants, Iowa is a more convenient forum for Plaintiffs, whose residence and sole place of business is in this state. However, Section 1404(a) "provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient." *Van Dusen v. Barrack,* 376 U.S. 612, 634, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Thus, the convenience of the parties does not weigh in favor of transfer here.

In addition, Defendants have not shown that transferring this action, including the six claims which are independent of the Agreement, will further the interests of justice or the convenience of the witnesses. Plaintiffs have stated by affidavit on this motion that all of the non-party witnesses in this matter are in Iowa, all significant activity that forms the basis of the dispute occurred in Iowa, and Plaintiffs' damages have been sustained in Iowa. (Beckley Aff. at 1–2). Defendants have not named any specific witnesses, other than themselves, who will be inconvenienced by proceedings in Iowa. In addition, Iowa law applies to four of Plaintiffs' claims and Colorado law only to the contract claim. Although the federal court in Colorado is likely more familiar with Colorado law and is capable of applying Iowa law to the remaining claims, the fact that the bulk of Plaintiffs' action requires application of either federal law or the law of Iowa weighs in favor of litigation in this forum. For these reasons, Defendants' alternative motion to transfer is **denied.**

## III. ORDER

Defendants' Motion to Dismiss, or in the alternative, for Transfer is hereby **denied.**

IT IS SO ORDERED.