[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10877
_____

D.C. Docket No. 1:13-cv-23827-DLG


NATANAEL CARDOSO,
ANA CAETANO DA SILVA CARDOSO,

Plaintiffs - Appellants,

versus

ADERBAL COELHO, JR.,
LYSANDRA S. COELHO,
YACHTBRASIL MOTOR BOATS AND CHARTERS, LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 3, 2014)

Before TJOFLAT, JILL PRYOR, and FAY, Circuit Judges.

PER CURIAM:

This case arises out of an employment relationship between plaintiffs Natanael Cardoso and Ana Caetano Da Silva Cardoso, on the one hand, and defendants Aderbal Coelho, Jr., Lysandra S. Coelho, and Yachtbrasil Motor Boats & Charters, LLC ("Yachtbrasil"), on the other.  The Cardosos brought this lawsuit against the Coelhos in the Southern District of Florida, alleging breach of contract and failure to comply with the Fair Labor Standards Act's minimum wage and overtime pay requirements.

The Coelhos moved to dismiss the action for improper venue, relying on a forum selection clause in two employment contracts.[1]  The clause is identical in each contract:  "The parties elected the forum of Florianopolis/SC to have jurisdiction for all and any legal action related to the present contract."  Compl. Ex. A at 2, 4.  The district court dismissed the complaint in its entirety, holding that the parties had elected Florianopolis, Brazil, as the exclusive forum in which to litigate disputes arising out of the parties' employment relationship.  We reverse.

I.

The Cardosos present three arguments on appeal.  First, they argue that the forum selection clause is permissive, rather than mandatory, and that a permissive

---

[1] The Cardosos are each a party to one of the contracts, and the Coelhos are parties to both of the contracts.  Yachtbrasil is not a party to either contract.

2

forum selection clause is not a proper ground for dismissal. In other words, the Cardosos argue that, through the forum selection clause, they merely consented to jurisdiction in Florianopolis; they did not waive their right to litigate in an alternative forum. Second, the Cardosos argue that the forum selection clause does not apply to Yachtbrasil because the company was not a party to the contracts, and thus the district court improperly dismissed the claims against Yachtbrasil. Third, the Cardosos argue that, even if the forum selection clause is mandatory, it is unenforceable under the circumstances of this case because enforcement would deny them their day in court. They assert that the district court was required to hold an evidentiary hearing to consider their contentions that they cannot find a Brazilian lawyer to take their case because Lysandra Coelho is an influential attorney from Florianopolis and they cannot afford to return to Brazil. Because we have determined that the district court erred by holding that the forum selection clause is mandatory, we need not address the parties' other contentions.

## II.

The enforceability of a forum selection clause is a question of law that is reviewed *de novo*. *Slater v. Energy Servs. Grp. Int'l*, 634 F.3d 1326, 1329 (11th Cir. 2011). A forum selection clause can either be mandatory or permissive. A mandatory clause designates a specific forum as the exclusive forum in which to litigate the dispute. A permissive clause merely consents to jurisdiction in the

designated forum and does not foreclose litigation in an alternative forum. *Citro Fla., Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985).

A plain reading of the forum selection clause at issue here does not support the district court's holding that the clause is mandatory. In *Citro Florida*, we held that the language "place of jurisdiction is Sao Paulo/Brazil" did not create a mandatory forum selection clause. *Id*. at 1231-32. The language at issue here is very similar: the clause merely "elect[s]" Florianopolis "to have jurisdiction." Compl. Ex. A at 2, 4. Nowhere does the clause eliminate alternative fora, nor does it state that Florianopolis is the exclusive forum. The Coelhos and the district court relied heavily on language in the clause referring to "all and any legal action" in reading the forum selection clause as mandatory. *Id*. However, this language merely specifies that the parties consent to Brazilian jurisdiction for "all and any" legal disputes arising out of the contracts. At most, this language makes the clause ambiguous, but even an ambiguous clause cannot support the district court's holding. Any ambiguity must be resolved against the Coelhos, who drafted the provision. *Citro Florida*, 760 F.2d at 1232.

Relying on *Florida Polk County v. Prison Health Services, Inc.,* the Coelhos argue that the forum selection clause must be mandatory because a permissive reading would render the clause meaningless. 170 F.3d 1081, 1083-84 (11th Cir. 1999). In *Polk County*, jurisdiction was already clearly established in the forum

4

referenced in the selection clause.  Because the clause was not necessary to create jurisdiction, a permissive reading would have rendered the clause meaningless. We construed the clause as mandatory to avoid that result.  *Id.* at 1084.  Here, it is not clear that a court in Florianopolis would have jurisdiction over all claims arising from the employment contracts, which were executed in Florida, performed in Florida, and allegedly breached in Florida, where the Cardosos and the Coelhos reside.  Even with a permissive construction, the forum selection clause is not meaningless because it allows jurisdiction in Brazil, where jurisdiction might not otherwise exist.

Because the forum selection clause does not contain mandatory language, and because we resolve ambiguities in a written agreement against the drafting party, we hold that the clause at issue is permissive.  We reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**